THE NATIONAL BANK OF AUGUSTA *vs.* HEARD *et al.*

In respect to interest a decree has the same force as a judgment, when it contests with other liens or claims for money. But this refers to a decree in *personam*, binding all the property of the debtor, and rendered against the defendant, without reference to the sale of particular property and the distribution of the fund arising therefrom. Where a decree provided for the sale of certain property, and a division of the proceeds according to certain fixed priorities, naming amounts to be paid to claimants, and there was not enough to pay principal and interest of all the debts, the decree will not be construed as giving interest to one to the exclusion of others. If the property out of which the fund arose had been productive in the hands of a receiver, the net increase would be divided proportionately.

Decree. Interest. Before Judge SNEAD. Richmond Superior Court. October Term, 1879.

The sole question considered in this case, was whether a certain amount decreed to be due, and which, with other claims, was to be paid out of an estate, bore interest or not. The decree was based on the bill of *Mary E. Heard et al. vs. Osborne M. Stone et al.* The litigation arising out of this case was very complicated, involving the estate of I. T. Heard, against which various claims were advanced: debts resulting from fiduciary relations of deceased, from a marriage settlement, as a partner of I. T. Heard & Co., by mortgage, for taxes, etc., etc. On this Judge Pottle, who presided without a jury, rendered a decree fixing the amounts due various claimants, the *status*

and rank of each.   This was February 1st, 1878.   It con--
tained the following :

"That the receivers appointed by the court do proceed to sell all of
the property of which the testator died·seized and possessed, except
the lot on the corner of Greene and Elbert streets, which is described
in the marriage settlement, to the highest bidder, at the earliest prac-
ticable period, for cash, in the respective states in which the property is
situated, according to the forms of law governing public sales in each
of said states.   That the firm of Isaac T. Heard & Co. is entitled to
the sum of three thousand and forty-two 08-100 dollars, paid June 13th,
1872, to perfect the title to the vacant lot on Greene street, and also
the sum of two thousand two hundred and seventy-four 64-100 dollars,
paid February 2nd, 1871, to perfect the title to the plantation in South
Carolina."

The question arises over the claim for $2,274.64 now
owned by the bank.   The receivers, in whose hands
the property had been placed, sold the last piece in 1879—
a plantation in Carolina.   Out of the fund thus brought
into court, the bank claimed to be paid its debt and in-
terest, to the exclusion of other contestants over whom
it had priority.   This question came on for a hearing be--
fore Judge Snead.   He delivered the following decision :
"The question submitted is upon the construction of
the decree rendered by the chancellor in this case, whether
or not interest is to be allowed upon the sum of $2,274.64.
which was awarded to Isaac T. Heard & Co , and which is
the property of the National Bank of Augusta.   Not
knowing anything of the case (which evidently was an
intricate one), except what has been learned from the de-
cree itself and the argument of counsel thereon, I confess.
some embarrassment in passing upon this question.   It
is apparent that this is not an ordinary judgment.   It was
for a sum certain, which, with other amounts, was to be·
paid ·or refunded out of the sale of certain species of
property.   This property and the proceeds were in the·
hands of a receiver of this court.   No order for invest-
ment to accumulate interest was issued, nor does it appear·
that any interest was realized.   The chancellor simply

·decrees to Isaac T. Heard & Co., the sum of $2,274.64, .and says nothing about interest. If he intended to in- ·clude interest he should have said so, and as he does not say so, I am inclined to think that he did not intend that interest should be allowed. Hence, the order is passed for $2,274.64 without interest."

The following decree was accordingly granted by him :

" Upon the confirmation of the report of the receivers and directing ·payment to be made pursuant to the decree of February 1st. 1878, the question was raised as to the amount payable to the National Bank of Augusta from the sale of the plantation in South Carolina, now confirmed, as preferred by the decree. It was conceded by counsel that the sum of twenty-two hundred and seventy-four 64-100 dollars was due and first payable to the bank, but it was disputed whether said sum bore any interest whatever. The National Bank of Augusta claimed interest from February 2d, 1871,.on the principal sum, as one that by the record is established and bears interest, and, in the event that it was not allowed, then interest from February 1st, 1878, the date of the final decree in this case directing this sale. The other parties ·to the decree claimed that no interest whatever to the time of pay- ment should be allowed to the bank.· After argument had, it is or- dered and decreed that after the expenses of sale and costs of court are paid, that the receivers pay over to the National Bank of Augusta, ·or its solicitor, the sum of two thousand two hundred and seventy-four 64-100 dollars without interest. That the balance remaining be dis- tributed pursuant to the said decree of February 1st, 1878, and in ac- ·cordance with its requirements, including the widow's dower."

To this the bank excepted.

FRANK H. MILLER, for plaintiff in error.

JNO. T. SHEWMATE; J. S. & E. B. HOOK; H. CLAY ‾FOSTER, for defendants.

JACKSON, Justice.

A fund was in the hands of. receivers appointed by the ·court of chancery under a decree made by Judge Pottle ·on the law and facts of the case. The fund was raised

from the sale of a plantation in South Carolina, belonging to the estate of Isaac T. Heard; the money was claimed by Mary E. Heard and children, under a marriage settlement between Mary E. and Isaac T., her husband, and by creditors of Isaac T. Heard & Co.; and, among these creditors is the National Bank of Augusta. A distribution of the fund was made by Judge Snead acceptable to everybody interested, except that the National Bank of Augusta claimed interest on its part of the fund, under the decree of Judge Pottle, and Judge Snead held that it was not entitled to interest, and it excepted, so that the sole question is whether, under the decree, the bank has the legal right to interest?

In respect to interest a decree has the same force that a judgment does when it contests with other liens or claims for money, Code, §§4217, 4215; but this refers to a decree *in personam*, binding upon all the property of the debtor, and rendered against the defendant thereto, without reference to specific property to be sold thereunder, and the fund to be divided according to the same decree. The very same decree which gives the bank part of this fund, raised from this chancery sale and held by the receivers, also gives other parts thereof to other parties. If the claim of one party under the decree is entitled to interest, so is the claim of every other party thereto; and if all have interest, it is evident that there will not be money enough to pay all, principal and interest. The decree not only provided that the land be sold, but it directed how the proceeds should be applied. It says that so much money shall be paid to each in gross. Interest on no claim is mentioned. Therefore it would seem that none was intended. If, before the sale, the plantation was rented, and there be such a fund also in the receivers' hands, that, of course, after paying expenses, will be divided in proportion to the part which each party gets in the division of the fund raised from the sale of the plantation, unless it has gone to taxes, or other ex-

penses necessarily applied to the plantation; but that is no part of this fund. This is *the proceeds of sale*, and is disposed of by the decree. Whether the decree be right or wrong is not the question here. The question is simply, how does it direct that the proceeds of the sale be divided? And we are clear that it divides that fund without interest. There is, therefore, made to appear to us from this record no error in the judgment of Judge Snead denying to the plaintiff in error interest on its part of the fund already distributed by the former decree in the contemplation of the law.

Judgment affirmed.