Johnson, J.
It will be observed that the case of the plaintiff below is based on the claim that defendants were liable on the bonds for interest on the amount of his claim, from the first day of the term at which the decree was entered in the superior court, until the day of payment to him, by the clerk, after the affirmance of the decree by the supreme court.
*17 Both of the bonds set out in the petition are signed by the same parties, and any rights which the plaintiff might have, could be enforced in an action on the last bond alone. Hayes v. Weaver, 61 Ohio St., 55.
It is shown in the pleadings that in the original proceedings there was an order of interpleader entered, directing the city of Cincinnati to pay to the clerk of the court the amount claimed by the Franklin Bank $8,560.32, and that the city having complied with the order, was discharged from all further liability to any of the parties to the action. That thereupon, the remaining parties interpleaded as between themselves. On the final hearing the court found the amounts due the several inter-pleading defendants, and directed the clerk to pay the same without priority, out of the fund so deposited after paying the costs. The amount ordered to be paid to Bruns by the clerk was $5,650.32. Under the order there was nothing left to apply on the bank’s claim, and it prosecuted error and gave the bonds sued on, in supersedeas. Bruns and the bank were opposing claimants to a particular fund, deposited in court under the order of interpleader. Neither had or asserted any claim against the other. No judgment or decree was rendered against the Franklin Bank in favor of Bruns in that case.
The court ordered its clerk to distribute a definite particular fund, of which the court had possession and control, and the supreme court simply affirmed that order.
“At common law judgments did not bear interest nor would they do so in Ohio, in the absence *18 of statutory provision on the subject.” Marietta Iron Work v. Lottimer, 25 Ohio St., 627; Neil v. Bank, 50 Ohio St., 193.
The statutory provisions in Ohio on the subject are contained in Sections 3180 and 3181, Revised Statutes.
Section 3180 prescribes the rate of interest to be computed on all judgments rendered on instruments of writing.
Section 3181 provides: “And upon all judgments, decrees and orders of any judicial tribunal for the payment of money, arising out of a contract hereafter made or other transaction which hereafter occurs, the creditor shall be entitled to interest at rate of six per cent, per annum and no more.”
As above shown there was no judgment, decree or order against the Franklin Bank for the payment of money.
Bruns was not a “creditor” of the bank and did not claim to be. There was no privity of contract between any of the lienholders who were parties to the suit.
The provision of the statute under which execution may be stayed is found in Section 6718, Revised Statutes, which provides that “no proceeding to reverse, vacate or modify a judgment or final order rendered,” etc., shall operate to stay execution unless the clerk of the court in which the record of such judgment or final order is made, shall take a written undertaking to be executed on the part of plaintiff in error to the adverse party, with sufficient surety as follows; “When the judgment or -final order sought to be reversed directs *19 the payment of money, the written undertaking shall be in double the amount of the judgment or final order, to the effect that the plaintiff in error will pay the condemnation money and costs, if the judgment or final order be affirmed in whole or in part.”
Manifestly the condemnation money and costs referred to, mean that which the plaintiff in error, was directed to pay.
The condemnation money and costs covered by the bond is only such as had been legally adjudged against the principal obligor on the bond in the original proceeding in which execution was stayed. The decree itself must bear interest before those giving the bond to stay it can be required to pay interest.
In 22 Cyc., 1559, the proposition is stated, that where a fund is in litigation, or the amount of a disputed claim is deposited in court, or subject to its order, interest is not recoverable thereon during the time it remains so deposited.
The rule is stated in 2 Black on Judgments (2 ed.), Sec. 983, viz: “In respect to interest, a decree has the same force as a judgment when it contests with other liens or claims for money. But this refers only to a decree in personam binding all the property of the debtor, and rendered against the defendant without reference to the sale of particular property and the distribution of the fund arising therefrom.”
And this principle is approved in National Bank of Augusta v. Heard, 65 Ga., 189.
In Van Gordon v. Ormsby Bros. & Co., 60 Iowa, 510, the court say: “The money-was paid *20 into court to await the order of the court. It does not appear that the intervenors acted otherwise than in good faith, and we do not think they should be made to pay interest as punishment simply because they failed to establish their right to the money.”
This, rule was followed in Anderson v. Wilkinson, 18 Miss. (10 Sm. & M.), 601.
The fund in this case might on the motion of Bruns or any lienholder have been invested under the order of the court.
For these reasons we conclude that where a specific, fund is paid into court in compliance with its order of interpleader and various claimants litigate their rights to the fund • between themselves, a decree distributing the fund is not a judgment, or decree, within the statutes of Ohio governing interest and that an intervening claimant who prosecutes error to that decree, in good faith, and gives a supersedeas bond to stay its execution, cannot be compelled to pay interest on the fund or any part of it.
It follows from these, conclusions that the demurrer to the answer of the bank should have been overruled — and the judgments below are reversed; judgments for plaintiffs in error.

Judgment reversed.

Spear, C. J., Davis, Shauck, Price and Donahue, JJ., concur.