Mr. Justice Clayton
delivered the opinion of the court.
This was a bill of interpleader, filed by Wilkinson in the superior court of chancery, against John M. Anderson and Hiram G. Runnells, requiring them to interplead and state their several claims, to a certain note executed by the complainant, so that *604 the court might adjudge to whom of right said note belongs, in order that he might be protected in its payment, and not have to pay it twice. The complainant, also, on a subsequent day, paid the amount of the note into court, with interest up to the time of filing the bill.
An answer was filed by Anderson, showing his title to the note, and the bill was taken for confessed against Runnels. The proof fully sustains the title of Anderson, as against his co-defendant.
The complainant afterwards set up claim to the money, in his own right, on the ground that Runnels, who once held the note, became indebted to the complainant, before notice of the transfer of the note to Anderson.
The chancellor decreed the sum paid into court, to Anderson, without interest from the time of payment; from this decree Anderson appealed, because he claimed interest, on account of the claim set up by Wilkinson to the fund.
Wilkinson appealed because the whole fund was not decreed to him.
The principles which govern bills of this character, are thus stated in a recent case: “ Thé;definition of interpleader cannot now be disputed. It is where the plaintiff says, 1 have a fund in my possession, in which I claim no personal interest, and to which you, the defendants, set up conflicting claims; pay me my costs, and I will bring the fund into court, and you shall contest it, between yourselves. The case must be one in which the fund is matter of contest between two parties, and in which the litigation between those parties will decide all their respective rights in regard thereto.” Hoggart v. Cutts, ] Craig & Phill. 204; 3 Daniel’s Ch. Prac. 1753. These principles have been frequently recognized in this court, and their application is decisive of this case.
The decree is correct in all respects, and is affirmed; each appellant to pay the costs of his own appeal; and the costs of the court below, to be paid as therein directed.
Decree affirmed.