CRYSTAL SPRINGS BANK *v.* NEW ORLEANS CATTLE LOAN CO.

[96 South. 309. No. 23086.]

APPEAL AND ERROR. *Appellee, on affirmance of denial of appellant's claim, held entitled to judgment against appellant for five per cent. on money in hands of receiver, but not to judgment for the money and interest.*

On the affirmance of a decree denying the appellant's claim to money in the hands of a receiver, the appellee is entitled to a judgment against the appellant under section 4926, Code of 1906 (section 3202, Hemingway's Code), for damages at the rate of five per cent. on the amount of money in the hands of the receiver, but not to a judgment against the appellant for the money in the hands of a receiver and interest thereon.

On motion to correct decree. Motion sustained.
For former opinion, see 95 So. 520.

*Wilson & Henley,* for appellant.

Of course if the appellant is not liable for the principal indebtedness as we have shown above, it would not be liable for the interest thereon, as interest and attorney's fees are merely incident to the indebtedness and a part of the same. *Burton* v. *Eureka Bank,* 122 Miss. 393; Sec. 2078, Hemingway's Code.

Appellant not entitled to damages. The matter of damages is governed by section 3202, Hemingway's Code, which was brought forward from section 4926 of the Code of 1906, section 4360 of the Code of 1892, and section 1422 of the Code of 1880. We mentioned these various sections because the statute has been interpreted at different times.

In the case of *Redd* v. *Thompson,* 56 Miss. 230, Judge CAMPBELL said: "It is only by virtue of statutory provisions that this court can render judgment for damages, for an appellant." It, therefore, appears that the rights of the appellant for damages must be determined entirely by section 3202 of the Hemingway Code. The court has interpreted this section which is similar in other courts a number of times and under various circumstances but probably the clearest and most general interpretation of the court was rendered by Judge COOPER in the case of *Clark* v. *German Surety Bank,* 61 Miss. 614.

The argument of Mr. Frank Johnston which was sustained by the court in this decision is unusually logical and we desire to call it to the attention of the court in connection with this case. It will be found on page 516 of the 61st Mississippi Reporter. Analyzing the above statute in the light of a decision just mentioned, we find that there are three instances when damages are to be allowed, and that this case does not fall within either of the three classes of suits.

First: On a judgment or a decree for a sum of money. It is a self-evident fact that there was no judgment or decree for a sum of money rendered in the lower court against the Crystal Springs Bank in favor of the New Orleans Cattle Loan Company. The decree below speaks for itself and merely dismisses the petition of a proposed intervenor, the Crystal Springs Bank et al.

Second: This is not a judgment or a decree for the possession of real or personal property within the meaning of the statute. As has already been stated the only issue involved here is whether or not the trust deed is void, and

whether the bank would have a right to share in the proceeds thereof, which have ever been in the possession of the Crystal Springs Bank. Although this controversy relates to personal property, and the case of *Gillen* v. *Stuckley,* 73 So. 626, related to real estate, the principles involved in the two cases are quite similar. The cases of *Johnson* v. *Devens,* 60 Miss. 200; *Clark* v. *German Security Bank,* 61 Miss. 614, are also in point and sustained the contention that a mere claim for a certain sum of money or a certain amount of land or a claim to the legal title to personal property is not a judgment or a decree for a possession within the meaning of the statute.

Third: The decree was not for the dissolution of an injunction or other restraining process. With reference to this matter the case of *Johnson* v. *Devens,* 60 Miss. 200, holding that a writ of garnishment or even an attachment is not a restraining order is directly in point, and has nowhere been a dissolution of any order restraining the payment of any sum whatsoever. In the light of the above-mentioned decision it is a safe, evident fact that there has been no injunction or restraining order dissolved.

If appellee is entitled to damages same should be computed only on amount of claim of appellant. We are thoroughly convinced that the present case does not fall within any of the classifications given under section 3202 of the Hemingway Code, but should the court differ with us in regard to this matter, damages should certainly be computed only on the interest claimed by the Crystal Springs Bank in the hands of the receiver, and it will be necessary to remand the cause and have a master in chancery appointed for the purpose of determining the amount of damages (see section 3203 of Hemingway's Code).

An examination of section 3202 of Hemingway's Code, allowing damages shows that although the entire section is one complete sentence that it is divided into three distinct parts. That part of sentence preceding the colon declares the right and fixes the amount of damages. That part of the section between the colon and semi-colon speci-

fies the nature of the cases in which damages are allow-
able.  That part of the section following the semi-colon,
on what amount the damages should be computed in cer-
tain cases, and reads as follows: "If the judgment or de-
cree be for the dissolution of an injunction or other re-
straining process as to certain property, real or personal,
or a certain interest in it, to satisfy a sum out of the pro-
ceeds of sale, or to enforce or establish a lien or charge or
claim upon or some interest in property, and the only
matter complained of on the appeal is the decree as to
some particular property or claim on it, the damages shall
be computed on the value of the property or the interest in
it, if the value of the property or interest in it be less
than the judgment or decree against it, but if the value
of the property or interest in it be greater than the amount
of the judgment or decree against it, the damages shall be
upon the amount of the judgment or decree."

In the case of *Clark* v. *German Security Bank,* Judge
COOPER says: "That clause of section 1422 (section 3202,
Hemingway's Code) on which the appellee relies as con-
firming the right to damages, was added to prescribe the
basis of the damages given by the preceding portions of
the section, should be calculated under certain circum-
stances but does not give the right to damages in any
other cases, than thereof above enumerated."

Even before that part of the section which has just
been quoted above was added, the court in the case of
*Redd* v. *Thompson,* 56 Miss. 230, gave a construction to
the other part of the statute which caused the same re-
sults.  No statute provides for assessing damages on the
value of property, except where the judgment is for spe-
cific personal property; and it would be unjust to assess
damages on a larger debt, for which property of com-
paratively small value was decreed to be sold, and where
the holder of property was not liable for the debt, but be-
cause an appellant has a charge upon it, it would be mon-
strous to render judgment against him for five per cent
damages on the amount of the debt, which might greatly

exceed the value of his claim, such result is avoided only by the construction of the statutes herein announced."

Court Costs. There is no doubt but what the appellant should be taxed with all of the costs in the supreme court and all costs with which it was taxed in the lower court heretofore when its petition to be allowed to intervene was dismissed; in other words, appellant is liable for costs in the court below incident to the intervention and this was assessed against it, but is not liable for any costs in the lower court upon the main issue which was there litigated.

We, therefore, respectfully submit that the motion to correct this verdict should be sustained in full.

*R. N. Miller* and *L. F. Hendrick,* for appellee.

By section 3404 of Hemingway's Code, on affirmance of appeal of decree appealed from, the judgment of the supreme court shall be "for the amount adjudged or decreed against the appellant." The word "against" means contrary to—in hostility to—in resistance to—in protection from. See Student's Standard Dictionary.

The statute does not say the amount due by appellant. There is a clear distinction between "against appellant" and "due by appellant." The statute says for the amount decreed adverse to or "against appellant." There is no doubt that the decree appealed from adjudged that the money in the hands of the receiver must be paid to the appellee and decreed that amount "against appellant;" that is against his claim to this fund. The decree was against appellant adverse to his claim to this fund. We must therefore have judgment on affirmance for the amount so "decreed against appellant" and with it the interest at the necessary incident to this sum at law.

As to damages see section 3202, Hemingway's Code, which provides among other things that on affirmance of a judgment the judgment against the *supersedeas* bond for damages must follow, "if the judgment or decree (appealed

from) be for dissolution of injunction or other restraining process, at law or. in chancery, the damages shall be computed on the amount "due appellee," which was enjoined or restrained.

The statute makes damages computed on amount due appellee. The amount decreed to be due appellee was six thousand one hundred ninety-seven dollars and ten. cents. We were of course entitled to damages computed on this amount restrained by the *supersedeas* on affirmance. There can be no necessity to argue that *supersedeas* is a restraining process. It is nothing else. It restrains, stays, and forbids paying over money until the *supersedeas* is discharged or dismissed and it was not discharged or dismissed in this case until the supreme court rendered the judgment of affirmance.

In *Tigner* v. *McGehee*, this court held damages followed in every case on an unsuccessful appeal "as a penalty for appealing from a proper judgment or decree." This case was affirmed in the same language in *Boyd* v. *Applewhite*, 85 So. 87.

The above suggestion that section 3204 means the judgment must be for the amount decreed against appellant whether due by him to appellee or another; and that section 3202 means that damages shall be concluded on amount restrained due appellee, makes a harmonious and just system which in all cases should be the first consideration of this court. This construction would work exact justice in the case at bar. Of course appellee could not collect the amount of six thousand one hundred ninety-seven dollars and ten cents from the receiver and also collect it by judgment on the *supersedeas* bond. We are, however, entitled to judgment on the *supersedeas* bond for the amount due appellee and restrained by the appellant to cover any contingency of a loss by the insolvency of the receiver and his bond, which might occur.

If we get it from the receiver then this would be an answer for that sum on the execution which might issue on the judgment of affirmance here, except as to the in-

terest which accrued from the time of the *supersedeas* to the judgment here. We must have the judgment for the debt therefore in order to get interest which is an incident of the debt.

We are also entitled to damages as a penalty for appealing from a perfectly valid decree. To hold that this construction of the statute, if not correct, would force the appellee to be restrained of his money for ten months and to lose his interest on his money. *Gibson* v. *Stucky*, 73 So. 636, has no application. The amount due "appellee" is ascertained by the decree appealed from.

With due respect the judgment is correct as written and to lay the apprehension of counsel for appellant we will save him any trouble by receipting the judgment for the principal sum of six thousand one hundred ninety-seven dollars and ten cents, but we demand that he pay us the interest on that sum and the damages.

SMITH, C. J., delivered the opinion of the court.

The appeal bond executed herein by the appellant superseded the execution of the decree appealed from and in entering the judgment of affirmance rendered on a former day the clerk included in the judgment the following provision:

"And that appellee do have and recover of appellant and H. J. Wilson and W. S. Henley, sureties in the *supersedeas* bond, the sum of six thousand one hundred ninety-seven dollars and ten cents, the amount of the decree in the court below, and three hundred nine dollars and eighty-six cents, being damages at the rate of five per centum as allowed by law, as well as interest on the amount of said decree from date of rendition till paid at the rate of six per centum per annum, and also cost of this cause in this court and in the court below, to be taxed," etc.

A motion is made by the appellant to correct the decree by eliminating this provision therefrom. It will be necessary to add to the statement of the facts contained in our

former opinion (95 So. 520) only that Mathis owes the
appellee the sum of sixteen thousand seventeen dollars and
twenty-five cents, that the money in the hands of the re-
ceiver amounts to six thousand one hundred ninety-seven
dollars and ten cents, and that the debt of Mathis to the
appellant, as set forth in its petition for leave to intervene,
amounts to "ten thousand dollars or more." The effect
of the decree appealed from is to establish a lien or claim
or charge on the money in the hands of the receiver for
payment on the debt due by Mathis to the appellee, and
the complaint of the appellant is that it was not permitted
to establish a claim or charge on the money for the pay-
ment of the debt due it by Mathis. Section 4926, Code of
1906 (section 3202, Hemingway's Code), provides: "In
case the judgment or decree of the court below be affirmed,
. . . the supreme court shall render judgment against
the appellant for damages, at the rate of five per centum
and costs, as follows: . . . If the judgment or decree
. . . establish a lien or charge or claim upon or some in-
terest in property, and the only matter complained of on
the appeal is the decree as to some particular property or
claim on it, the damages shall be computed on the value
of the property or the interest in it, if the value of the
property or interest in it be less than the judgment or de-
cree against it; but if the value of the property or interest
in it be greater than the amount of the judgment or de-
cree against it, the damages shall be upon the amount of
the judgment or decree."

Under this statute it seems clear that the appellee is
entitled to five per cent. damages on the amount of the
money in the hands of the receiver, and which the appel-
lant seeks to have applied to the payment of the debt due
it by Mathis. The statute under which the appellee seeks
to uphold the judgment against the appellant and his
bondsmen for the amount of money in the hands of the re-
ceiver, with five per cent. interest thereon, is section 4928,
Code of 1906 (section 3204, Hemingway's Code), and is
as follows:

"In case a bond has been given for a *supersedeas,* the judgment of the supreme court, on affirming the judgment or decree of the court below, or on a dismissal of the appeal by the appellant or the court, shall be for the money adjudged or decreed against appellant, and damages and costs, or for the specific property and damages and costs, or for the damages and costs, as the case may be, against all the obligors in the bond who may be living at that time, and execution may be issued thereon accordingly. . . ."

This statute has no application here, for the reason that the decree appealed from does not direct the appellant to pay to the appellee any money whatever, or to deliver to it any specific property. It simply disallows, in so far as this appeal is concerned, the appellant's claim to subject the money in the hands of the receiver to the payment of the debt due it by Mathis. We are not here concerned with the right *vel non* of the appellee to recover on the *supersedeas* bond for any damage that it may have suffered because of the execution thereof, and express no opinion relative thereto.

It follows, from the foregoing views, that the appellee is entitled to a judgment for five per cent. damages against the appellant and his bondsmen, but not for the money in the hands of the receiver and interest thereon, and the judgment hereinbefore entered will be corrected accordingly.

*Affirmed Conditionally.*