FEDERAL RESERVE BANK OF ST. LOUIS *v.* SPARKMAN *et al.*[*]

(Division A. Oct. 26, 1925.)

[105 So. 637.   No. 24746.]

COSTS.   *On affirmance of decree denying priority of lien on personal property, appellee is entitled to decree for statutory damages but not to decree for interest.*

On the affirmance of a decree denying the asserted priority of appellant's lien upon personal property, and awarding the right to possession of the property to appellee, the appellee is entitled to a decree against the appellant under section 4926, Code of 1906 (section 3202, Hemingway's Code), for damages at the rate of five per centum on the value of the property, if the value of the property is less than the judgment or decree against it, but not to a decree against the appellant for interest on the indebtedness secured by the prior lien.

---

[*]Headnote 1.   Costs, 15 C. J., Section 659.

On motion to correct a decree so as to include therein statutory damages and interest thereon from the date of the decree in the trial court.   Motion sustained in part, and overruled in part.

For former decree, see 103 So. 819.

*Shands, Elmore & Causey,* for appellant.

It is plain that appellant is not liable for interest on this judgment for it is not a judgment against appellant,

but a judgment against appellees, Lee Sparkman and Louis Kunofsky, and the Staple Cotton Co-operative Association. In fact, the judgment found that the appellees, Sparkman and Kunofsky, were indebted to appellant, Federal Reserve Bank, in the sum of three thousand seven hundred fifteen dollars and eighty cents ($3715.80).

The only question involved in this appeal is that of the priority of liens claimed by appellant, Federal Reserve Bank, and appellee, Malone & Hyde. Under the authority of *Crystal Springs Bank* v. *Cattle Loan Company,* 132 Miss. 457, 96 So. 309, an appellant who is not liable for the principal indebtedness is not liable for the interest which accrued pending an appeal, interest being merely incidental to the principal indebtedness.

Wherefore we respectfully submit that the motion to correct the judgment should be overruled.

*Earnest Kellner, Jr.,* for appellee.

The appellee, Malone & Hyde, has filed a motion to correct the judgment of this court so that said judgment shall include damages at the rate of five per centum, amounting to one hundred twenty-six dollars and ninety cents, and interest from June 30, 1924 to May 11, 1925, at the rate of six per centum per annum, amounting to one hundred thirty-one dollars and sixty-five cents.

Section 4926, Code of 1906, section 3202, Hemingway's Code, provides that in case the judgment or decree of the court below be affirmed the supreme court shall render judgment against the appellant for damages, at the rate of five per centum, if the judgment or decree affirmed be for a sum of money, or be a judgment or decree for the sale of property to satisfy a sum out of the proceeds of sale.

The decree of the chancery court of Issaquena county in this cause comes within the provisions of the Code section, and, therefore, it is respectfully submitted that the judgment of this court should be corrected so that

it shall include damages, amounting to one hundred twenty-six dollars and ninety cents. Section 2680, Code of 1906, section 2078, Hemingway's Code, provides that judgments or decrees founded on any contract, shall bear interest after the date of the debt on which the judgment or decree was rendered, and all other judgments and decrees shall bear interest at the rate of six per centum per annum.

The decree of the chancery court of Issaquena county, in this cause, also comes within the provisions of this Code section, and, therefore, it is respectfully submitted that the judgment of this court should be corrected so that it shall include interest amounting to one hundred thirty-one dollars and sixty-five cents.

Cook, J., delivered the opinion of the court.

The appellant, Federal Reserve Bank, filed a bill in the chancery court of Issaquena county, seeking to enforce the lien of a deed of trust executed by the appellees Lee Sparkman and Louis Kunofsky to the First National Bank of Rosedale, as a superior lien to that of a deed of trust executed by the same grantors in favor of the appellee Malone & Hyde. The property conveyed by the two deeds of trust consisted of the proceeds of the sale of cotton in the hands of the Staple Cotton Co-operative Association, amounting to one thousand seven hundred eighty-six dollars and fifty-nine cents, and certain other personal property. Upon the final hearing, the chancery court rendered a decree adjudging that the lien of the deed of trust in favor of the appellee Malone & Hyde, was a superior lien, that Malone & Hyde was entitled to recover from the appellees Lee Sparkman and Louis Kunofsky the sum of two thousand seven hundred fifty-six dollars and sixty-five cents, and directing the Staple Cotton Co-operative Association to pay to the appellee Malone & Hyde the proceeds of the sale of cotton in its hands, and appointing a commissioner to sell the other personal property and apply the proceeds

from such sale to the payment of the balance owing on the decree in favor of the appellee ,Malone & Hyde. From this decree the appellant prosecuted an appeal to this court with *supersedeas,* and on May 11, 1925, the decree of the chancery court was affirmed by this court, and a decree entered against the appellant and the surety on its appeal bond for costs only.

Within the time allowed by law,. the appellee Malone & Hyde filed. a motion to correct the decree of this court so as to include therein the statutory damages of five per centum on the amount in controversy, and also interest thereon from. the date of the decree in the court below.

The only answer made by the appellant to the claim for the statutory damages appears in the form of a plea averring that the damages should not be assessed because the appellee Malone & Hyde, the movant, filed with the clerk of the chancery court an indemnifying bond, and that immediately thereafter the Staple Cotton Cooperative Association paid to appellee Malone & Hyde the sum of one thousand, seven hundred eighty-six dollars and fifty-nine cents as ordered by the decree of the court below, and that the commissioner appointed by the court below proceeded to sell the personal property and applied the proceeds as directed, and consequently the appellee Malone & Hyde, suffered no delay in the execution of the decree by reason of the appeal.

This plea presents no answer to the motion. Upon the execution of the indemnifying bond, the appellee was permitted to enforce the decree as though it had not been stated by *supersedeas,* but that fact is not controlling. In the case of *Tigner* v. *McGehee,* 60 Miss. 242, it was held that: "The right of the appellee to judgment for damages on affirmance is independent of whether or not the judgment or decree appealed from is stayed by *supersedeas.* Damages follow affirmance as a penalty for appealing from a proper judgment or decree."

The suit and decree appealed from involved the establishment of the priority of liens on, and the right

to the possession of, certain personal property, and the appellee Malone & Hyde is entitled to the statutory damages to be computed upon the value of the property involved.

It seems clear that the appellant is not liable for the interest on the indebtedness to appellee which accrued pending the appeal. There was no decree against the appellant in the court below, and the decree appealed from does not direct the appellants to pay any money, or deliver any property, to the appellee, but the decree was against the appellees Lee Sparkman and Louis Kunofsky and the Staple Cotton Co-operative Association. The only question involved in this appeal was that of the priority of liens claimed by the appellant and the appellee Malone & Hyde; the decree of the court below having disallowed the asserted priority of appellant's lien. The case of *Crystal Springs Bank* v. *Cattle Loan Co.,* 132 Miss. 454, 96 So. 309, is decisive against the claim of appellee for a decree against the appellant for interest on the amount of the principal indebtedness due by the appellees Sparkman and Kunofsky.

The decree hereinbefore entered will therefore be corrected according to views herein expressed.

*Motion sustained in part, and overruled in part.*