GAYDEN *v.* KIRK.

In Banc.    Feb. 13, 1950.

No. 37266  (44 So. (2d) 410)

Campbell & Campbell, for motion.

B. B. Allen, R. M. Allen, Bridgforth & Love, contra.

**Alexander, J.**

At a former day of this term, we affirmed an award of the impleaded fund to appellee.

The point is raised that the judgment entered by the clerk erroneously included interest on such fund between the date of the judgment in the county court and that upon affirmance in the circiut court. Such interest is also carried forward into our judgment. This point, being incidental, was not stressed upon the appeal here and not assigned for error. We entertain the suggestion as in substance a motion to correct the judgment.

The judgment below was rendered against appellant, and was in effect a judgment in personam rather than in rem, as properly it should have been. 48 C. J. S., Interpleader, Section 47; Lokey v. Ward, 228 Ala. 559, 154 So. 802.

While the defendants in interpleader actions are rival claimants to an impounded fund and adversary parties with reference thereto, their aim is not directed against each other but from a common vantage point converges upon the fund as a res. Plausibly enough, appellee argues that once a judgment is directed for A, he has the right to stretch forth his hand to possess it, and when he is restrained by B's appeal with supersedeas, there is being unjustly withheld from him that which is his own.

This argument begs the questions whether A retains such right and whether B's course in prolonging the litigation and suspending A's right is unjust. The issues and merits of the case are, by successive appeals, carried forward to a final determination, and since the impleading plaintiff is not liable for interest after payment into court, there is no one against whom interest can be

charged as an incident to a principal obligation because neither A nor B owe each other such sum. The fund, after appeal, retains its character as a deposit in court. An adjudication of the right thereto partakes not at all of a personal judgment against the other, except in the matter of costs which may be adjudged in the discretion of the court.

██ █ It is therefore unavailing to argue that Code 1942, Section 39, provides that all judgments shall bear interest. This was not the sort of judgment contemplated thereby for the statute was directed to judgments in personam which became liens against the judgment debtor and are thereby exposed to process by execution. 30 Am. Jur., Interpleader, Section 27. See Black on Judgments, (2d) Ed., Section 983; Annotation, Ann. Cas. 1912B, 1005.

Although the judgment in the circuit court was, as above stated, against the appellant rather than against the fund, the incidents of a proper judgment in an interpleader case must be taken into account. The litigation was, by the appeal with supersedeas, still pending in the court, and the issue remained open. Appellee has not been deprived of monies owed her by appellant, for neither was, as to the other, debtor or creditor. Compare Anderson v. Wilkinson, 10 Smedes & M. 601, 18 Miss. 601.

The judgment will be correct so as to exclude therefrom any interest upon the impleaded fund.

So ordered.