IRVINE *v.* IRVINE, A MINOR, ETC.

No. 41880          September 25, 1961          133 So. 2d 14

*Lyon, Davis & Crosthwait,* Indianola, for movant.

*Neill, Clark & Townsend,* Indianola, for movee.

## ON MOTION TO CORRECT JUDGMENT

GILLESPIE, J.

Lamar Life Insurance Company filed its bill of interpleader in chancery court and made defendants the rival claimants to the proceeds of a life insurance policy, and paid the proceeds into court. The two claimants made their claims and issue was drawn between them. After the trial court awarded judgment in favor of one of the claimants, Sarah Irene Irvine, an appeal with supersedeas was perfected by Mildred Fried Irvine. This Court affirmed without opinion. The judgment in this Court included the sum of five percent of the amount in controversy as damages under Section 1971, Mississippi Code of 1942. Appellant filed a motion to correct judgment, contending that the five percent damages were not allowable in such case.

The questions is: When an unsuccessful claimant in an interpleader action appeals and the judgment is affirmed, does Code Section 1971 require the assessment of the five percent damages?

Movant relies on Gayden v. Kirk, 208 Miss. 283, 44 So. 2d 410, wherein it was held that the judgment in favor of the successful claimant to an impounded fund is a judgment in rem, and such judgment does not bear interest. ██ ■ The five percent damages assessed under Code Section 1971 follows affirmance as a penalty for appealing from a proper decree. ██ ■ The statute requires the assessment of such damages independent of the considerations that determine the matter of interest on the judgment. The statute makes no exception for judgments in rem. Federal Reserve Bank v. Sparkman, 140 Miss. 336, 105 So. 637.

The statute is mandatory and applies to the judgment in this case. It is not a matter of discretion.

Motion to correct judgment overruled.

*Lee, P.J.,* and *Kyle, McElroy* and *Jones, JJ.,* concur.