**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2015-CA-01412-COA**

**BAR-TIL, INC.**                                                    **APPELLANT/CROSS-APPELLEE**

**v.**

**SUPERIOR ASPHALT, INC. AND PULL-A-PART**            **APPELLEES/CROSS-APPELLANTS**
**OF JACKSON, LLC, MMC MATERIALS, INC.,**
**AND H & E EQUIPMENT SERVICES, INC.**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2015 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | CHUCK MCRAE |
| | SETH CLAYTON LITTLE |
| | CHRISTOPHER ANTHONY BAMBACH |
| ATTORNEYS FOR APPELLEES: | JOSEPH LEE ADAMS |
| | LINDSAY THOMAS DOWDLE |
| | DONALD ALAN WINDHAM |
| | CRANE D. KIPP |
| | PATRICK VANCE DALY |
| | CORY LOUIS RADICIONI |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | ENTERED ORDER DISTRIBUTING INTERPLED FUNDS |
| DISPOSITION: | REVERSED AND REMANDED - 05/09/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    This case requires this Court to decide whether a plaintiff attorney's charging lien has attached and has priority over third-party garnishors when the monies satisfying a final judgment obtained by the attorney's efforts are interpled by the garnishee into the registry

of the court rather than delivered to the attorney's actual possession. With no statutory directive here, we apply common-law principles to hold that the charging lien has attached and does have priority.

## FACTS AND PROCEEDINGS BELOW

¶2.     In 2007, Bar-Til Inc. entered into a contract with Superior Asphalt Inc. to perform work related to clearing acreage and stripping topsoil. Superior Asphalt failed to pay Bar-Til for all of the work completed. Represented by the McRae Law Firm on a contingency-fee basis, Bar-Til sued Superior Asphalt for breach of contract in 2009.

¶3.     As a result of Superior Asphalt's failure to pay Bar-Til, Bar-Til failed to pay H&E Equipment Services Inc. H&E Equipment obtained a default judgment against Bar-Til in 2009, and in 2010 was granted permission to intervene in Bar-Til's suit against Superior Asphalt. H&E Equipment properly served a writ of garnishment against Superior Asphalt in 2012.

¶4.     In 2012, after McRae Law Firm expended more than $16,000 in expenses, Bar-Til won a judgment against Superior Asphalt (including interest) in the amount of $205,839.65. Superior Asphalt did not appeal the judgment, but instead filed a motion to interplead $205,839.65 into the registry of the court under that same cause number. Bar-Til appealed the chancellor's denial of punitive damages. While the appeal was pending in this Court, the chancellor granted Superior Asphalt's renewed motion to interplead the funds, and issued an order declaring the judgment satisfied in full.

¶5.     In 2014, this Court issued an opinion affirming the chancellor's denial of Bar-Til's

2

request for punitive damages. Counsel for another Bar-Til creditor, MMC Materials Inc., noticed our opinion while browsing this Court's weekly hand-down list. MMC Materials had obtained a judgment against Bar-Til in 2008 unrelated to the contract dispute between Bar-Til and Superior Asphalt. Newly aware that Bar-Til had funds available to pay its creditors, MMC Materials filed a motion to intervene and claim a portion of the interpled funds. Also around this time, MMC Materials properly served Superior Asphalt with a writ of garnishment, which Superior Asphalt answered acknowledging its debt to Bar-Til and referencing the interpled funds.

¶6.    The McRae Law Firm also filed a motion asserting priority over the interpled funds and requesting permission to withdraw an amount representing its forty-percent contingency fee and reimbursement for expenses.

¶7.    The interpled funds were insufficient to cover the claims of all parties. Rather than determine the respective priority of the parties, the chancery court doled out a portion of the funds to each party—including to the law firm, H&E Equipment, MMC Materials, and another individual creditor who had a judgment against Bar-Til but who had not obtained a writ of garnishment. The court awarded H&E Equipment $74,230, MMC Materials $23,626.08, the law firm $72,348.20, and the other nongarnishor creditor $35,634.81.[1] The court cited its desire for an equitable solution.

¶8.    Bar-Til appeals, and both H&E Equipment and MMC Materials cross-appeal.

---

[1] The rights of this creditor are not discussed in this opinion because he does not have a writ of garnishment attached to this judgment. This creditor did not participate in this appeal.

**DISCUSSION**

### I. Whether the attorney's charging lien has priority.

¶9. A chancellor's findings will be overturned on appellate review if we find that the chancellor was manifestly wrong or clearly erroneous, or applied an incorrect legal standard. *Miller v. Pannell*, 815 So. 2d 1117, 1119 (¶9) (Miss. 2002). All of the parties agree that the chancellor erred as a matter of law in granting each party involved a portion of the money rather than determining the order of descending priority.

¶10. Mississippi has long recognized an attorney's right to have a lien on judgments and decrees procured through an attorney's efforts on behalf of his client. An attorney has a "paramount lien on the money decree which he [has] obtained." *Collins v. Schneider*, 187 Miss. 1, 192 So. 20, 23 (1939). "[A]n attorney's lien on judgments and decrees obtained by [him] for fees on account of services rendered, belongs to the family of implied common law liens, and is firmly engrafted on the common law." *Id*. A charging lien attaches when the attorney does "successfully pursue the [lawsuit] to conclusion and obtain a final judgment from which there [is] no appeal." *Tyson v. Moore*, 613 So. 2d 817, 826 (Miss. 1992). At that point, "[the attorney's] entitlement to a fee is vested." In *Collins*, the Mississippi Supreme Court held that the attorney had a priority lien on funds held in the lower court's register where "[t]he evidence conclusively show[ed] that nothing would have been recovered on the original cause of action . . . had it not been for [the attorney's] labor, zeal[,] and skill in the investigation and vigorous prosecution of that suit to a successful conclusion." *Collins*, 192 So. at 22.

¶11.    In *Indianola Tractor Co. v. Tankesley*, 337 So. 2d 705, 706 (Miss. 1976), the Mississippi Supreme Court affirmed a trial court's acknowledgment of a plaintiff's attorney's lien on the proceeds of a successful garnishment action. In ordering disbursement of the judgment, the law firm was listed first in priority. *Id*. The court cited to *Chattanooga Sewer Pipe Works v. Dumler*, 153 Miss. 276, 120 So. 2d 450, 453 (1929), in which the Supreme Court reiterated that "[i]t has been uniformly held by this [C]ourt that an attorney has a lien on the funds of his client for the services rendered in the proceeding by which the money was collected."

¶12.    Our appellate courts have noted since 1939 the absence in Mississippi of a "statute fixing or regulating the lien of an attorney, or the enforcement thereof." *Collins*, 192 So. at 22. Consistent with common-law principles, multiple states statutorily mandate the priority of attorney's fees, including Oregon, New York, California, Arkansas, Massachusetts, Alabama, and Georgia. For example, Alabama's statute provides:

> Upon actions and judgments for money, [attorneys] shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy the action or judgment, until the lien or claim of the attorney for his or her fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.

Ala. Code § 34-3-61(b). These statutes codify the equitable principle long recognized at common law that attorneys deserve payment for their successful services. The United States Court of Appeals for the Fifth Circuit, applying Mississippi law, held in *American Fidelity* that one of the rationales for not granting a law firm priority to retainage funds was that the law firm's services had not been the cause of the release of the funds, therefore resulting in

no injustice in not giving the law firm priority. We have the opposite situation at hand. Here, the services of the law firm—including seven years' representation and over $16,000 in expenses—directly resulted in the judgment against Superior Asphalt.

¶13.    Garnishees have the statutory right to compel interpleader. Miss. Code Ann. § 11-35-41 (Rev. 2004). This right protects the garnishee from double liability on the same judgment. The charging lien, protecting the attorney's right to the fruits of his labor, and the right to interplead, protecting the garnishee from double liability, should not intersect with each other in such a way that frustrates one or the other right. If we were to adopt the approach that the contingency is not triggered in this circumstance, then practically—or rather, impractically—a plaintiff's attorney working for a contingency fee would need to research standing garnishment claims in all eighty-two Mississippi counties prior to determining whether to accept a case. Any case that may result in an interpleader may be too risky to pursue. As the Mississippi Supreme Court explained in 1939, "it would be most inequitable and unjust for [the other claimants to the judgment] to be allowed to 'ride free' on the facts of this case." *Collins*, 192 So. at 23.

¶14.    We also note that the third-party creditors can continue to pursue collection of any remaining funds owed them pursuant to their respective judgments against Bar-Til. But as to the law firm, if the charging lien has not attached and does not have priority, the law firm will only receive for its successful services what—if anything—is left after all of the garnishors have taken the first bite at the interpled funds.

¶15.    Here, the monies would not be available for distribution to the garnishors had not

6

Bar-Til's right to the judgment first vested. Superior Asphalt surrendered the money in satisfaction of the judgment against it, with no further right of appeal. We find that Superior Asphalt's deposit of the funds into the registry of the court, consistent with its right to protect itself from double liability, did not prevent the law firm's charging lien from attaching to the interpled funds. The law firm is first in priority.

¶16.    As to priority between H&E Equipment and MMC Materials, MMC Materials properly concedes that H&E Equipment has priority. Even though MMC Materials' judgment against Bar-Til was obtained first in 2008, priority here is governed by our garnishment statutes. Mississippi Code Annotated section 11-35-24(1) (Rev. 2004) provides in part that "[w]here more than one garnishment has been issued against an employee of a garnishee, such garnishee shall comply with the garnishment with which he was first served." H&E Equipment was first to serve Superior Asphalt with a writ of garnishment related to any funds owed by Superior Asphalt to Bar-Til.

### II.     The chancery court had jurisdiction to accept the interpled funds, and Bar-Til's attorney's fees and expenses were reasonable.

¶17.    Bar-Til argues that the chancery court did not have the jurisdiction to accept the interpled funds because at the time the funds were interpled, Bar-Til's appeal on the issue of punitive damages was still pending. When an appeal is taken, the lower court loses "authority to amend, modify, or reconsider its judgment." *Corp. Mgnt. Inc. v. Greene Cty.*, 23 So. 3d 454, 460 (¶13) (Miss. 2009); *see also* M.R.A.P. 8. However, "[w]hen an appeal has no supersedeas bond, a party may execute on the judgment." *Corp. Mgnt*, 23 So. 3d at 460 (¶13).

7

¶18. Superior Asphalt's repeated motions to interplead the funds were not requests to "amend, modify, or reconsider" the court's judgment. Rather, it merely sought to escrow a judgment that had not been stayed by supersedeas. In Mississippi, a party is not liable for post-judgment interest after impleading payments into the registry of the court. *Gayden v. Kirk*, 208 Miss. 283, 44 So. 2d 410, 411-12 (1950) (holding that a "judgment will be corrected so as to exclude therefrom any interest upon [an] impleaded fund"). We therefore find that the chancery court had authority to accept the interpled funds, and that Bar-Til was not entitled to additional post-judgment interest once the funds were interpled. In fact, it would be inappropriate to permit a victorious plaintiff to deliberately dodge tender of a judgment for the sake of increasing post-judgment interest.

¶19. H&E Equipment argues that the law firm's expenses and forty-percent contingency fee are unreasonable. Attorney's fees must be reasonable, whether contracted for or arising out of a common-law charging lien. As the Mississippi Supreme Court stated when determining distribution of judgment funds in *Chattanooga Sewer Pipe Works*, 120 So. at 453, "The [plaintiff] had a right to make this contract for a contingent fee, and there is nothing in the record to show . . . that it was unreasonable or unconscionable, and we are therefore of the opinion that these attorneys have a paramount lien on the funds for [the amount contracted for]. " *Id*.

¶20. On the facts of this case, we do not find grounds in the record to support that the fee or expenses are unreasonable. A forty-percent contingency fee is not inherently unreasonable, and similar fees have been affirmed. *See Koehring Co. v. Hyde Constr. Co.*, 236 So. 2d 377,

387 (Miss. 1970). This case took seven years to litigate, and the record contains an itemized breakdown of the $16,254.57 expenses incurred over the seven years. Bar-Til has not challenged the reasonableness of the fee it contracted for, and the law firm did not charge an additional fee for the appeal it made to this Court. This issue is without merit.

## CONCLUSION

¶21.    On this set of facts, we determine that the contingency was triggered, and that the law firm's charging lien has priority over the third-party garnishors. The monies were interpled as the direct result of the law firm's services, and the judgment was declared satisfied in full. The law firm has first priority and is entitled to withdraw from the interpled funds $98,590.51, which represents $16,254.57 in expenses and forty percent of the judgment. Then, H&E Equipment, second in priority, is entitled to withdraw from the remaining interpled funds up to the amount on the face of its writ of garnishment. MMC Materials, as third in priority after H&E Equipment, is then entitled to withdraw from the remaining portion of the interpled funds up to the amount on the face of its writ of garnishment.[2] We therefore reverse and remand for further proceedings consistent with this opinion.

¶22.    **THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT/CROSS-APPELLEE AND ONE-HALF TO THE APPELLEES/CROSS-APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WESTBROOKS, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[2] As discussed at oral argument in this case, this Court and the parties are unaware whether the interpled funds have been kept by Hinds County in an interest-bearing account.