## Van Gordon v. Ormsby Bros. & Co. et al.

1. **Interest**: MONEY IN COURT. Where upon the motion of intervenors, acting in good faith, money for which plaintiff was suing was ordered to be paid to the clerk to await the further order of the court, and was there detained by an erroneous order of the court, whereby the cause was continued, *held* that the intervenors were not liable for interest on the money during the time of such detention, simply because they failed to establish their right to the money.

*Appeal from Polo Alto Circuit Court.*

FRIDAY, MARCH 23.

THIS cause was before in this court, and is reported in 55 Iowa, 657, to which, for a more full statement of the facts, reference is made. The defendants, Ormsby Bros. & Co., as agents of the plaintiff, sold a farm, the legal title to which was in the plaintiff, and had in their possession $640 of the purchase money. For the recovery of this sum the plaintiff brought an action against Ormsby Bros. & Co. The defendants answered, admitting the possession of the money, and alleging that they were garnished under five executions against P. F. Van Gordon, and served with a notice that the money arising from the sale of said lands was the property of P. F. Van Gordon. The execution plaintiffs, Gilmore & Co. and Wooding Bros., also filed petitions of intervention, claiming

a portion of the money and asking that it be paid into court and there held to answer the decisions. On the 27th of August, 1880, the court ordered the defendants to pay to the clerk the fund in their hands, with which order the defendants complied. Upon application of the intervenors, the court ordered the plaintiff to answer their petition in thirty days, and continued the cause for trial upon depositions. Upon plaintiff's appeal this action of the court was reversed. See *Van Gordon v. Ormsby Bros. & Co.*, 55 Iowa, 657. In vacation, on the 17th day of May, 1881, the intervenors filed in the Circuit Court dismissals of their petitions of intervention, but no notice was served upon plaintiff of such dismissal, and plaintiff had no knowledge thereof until the August term, 1881, of said court. On the 29th day of August, 1881, the plaintiff filed a motion that the clerk pay the balance in his hands, which had been claimed by the intervenors, amounting to $267, to the plaintiff, and that plaintiff have judgment against intervenors for interest on said sum, at six per cent from August 27th, 1880, to August 29th 1881. The court ordered the clerk to pay the money in his hands to the plaintiff, and rendered a judgment against the intervenors for costs, but refused to enter a judgment against them for interest on the amount in the clerk's hands. The plaintiff appeals. The trial judge made the necessary certificate for the presentation of the question to this court.

*T. W. Harrison*, for appellant.

*Soper & Crawford*, for appellee.

DAY, J.—The only question involved in the case is whether the intervenors should be charged interest upon the sum which, by their procurement, remained in the hands of the clerk subject to the order of the court. We know of no rule of law which justifies the recovery of such interest. It is claimed that interest is recoverable where money is withheld against the will of the owner, and by way of punish-

ment for any illegal conversion or use of another's property. But the intervenors did not convert or use the plaintiff's money, nor did they withhold it from him. The money was paid into court to await the order of the court. It was there detained, because of the erroneous order of the court, extending the time for the plaintiff to answer the petitions of the intervenors, and continuing the cause for trial upon depositions. It does not appear that the intervenors acted otherwise than in good faith, and we do not think that they should be made to pay interest as punishment, simply because they failed to establish their right to the money.

The record, in our opinion, does not disclose any error.

AFFIRMED.