PHILIP M. CLOUD, Guardian, Appellant, v. A. B. BURNETT et al., Appellees.

FEBRUARY 5, 1929.

*Trewin, Simmons & Trewin,* for appellant.

*Treichler & Treichler,* for appellees.

594

FAVILLE, J.—Appellant's ward, one Gater, and appellee Treichler executed a written instrument for the exchange of properties. Under said instrument, Gater was to pay certain sums to Treichler, particularly an item of $4,640, for which Gater executed his note. To secure the payment of said note, Gater deposited with the American Trust & Savings Bank, as collateral security, a note and mortgage executed by one Penningroth for $6,000. Later on, the maker of said note and mortgage desired to pay the same, and an oral agreement was entered into between the parties whereby said maker paid into the hands of said bank the sum of $6,051.08, being the full amount due as principal and interest on said collateral note. This money was put in the form of a cashier's check, dated March 27, 1923, and was held by the bank. Appellant, as guardian of Gater, brought a suit for the cancellation of said written instrument for exchange of properties. Said action was brought to this court on appeal, and we held that said instrument was void; that there was no meeting of the minds, and no contract. *Cloud v. Burnett*, 201 Iowa 733. The cause was reversed, and thereafter, procedendo was issued to the district court, whereupon the appellant filed a supplemental petition in the district court, and sought judgment thereunder against the appellee Treichler for interest on the said $6,051.08 from March 27, 1923, the date said deposit was made, until said money was paid to the appellant under the order of the district court, after the reversal in this court on April 8, 1926. The bank refused to pay any interest on said fund for said period of time. At the time the said money was paid into the bank in substitution for the mortgage that had previously been deposited as collateral security, no arrangement was made about the bank's paying any interest on said sum. The bank simply held the money as custodian, awaiting the outcome of the litigation under the contract. It is the appellant's contention that the original action was brought for rescission of the contract between the parties, and that this court adjudged said contract to be void; and appellant contends that he is entitled to full restoration of the *status quo*, including interest on the sum held in escrow in the bank. In pursuance of the decree of this court, full restoration was made, except as to said interest. Is appellant entitled to recover from the appellee interest on the said deposit, pending litigation? Appellant's

contention is that it ultimately developed that the appellant was right in his action to set aside the contract between his ward and Treichler, and that Treichler was resisting appellant's contention in this regard, and that, by reason of the pending litigation, the appellant lost the use of this money, which was rightfully his, and is entitled to interest thereon for the time that the same was held in the bank because of said litigation. It is appellant's contention that Treichler at any moment could have conceded appellant's contention in the former action, and have notified the bank that he released any claim on the money which had been deposited in escrow under the agreement between the parties. It is contended that his failure so to release the money renders him liable for the interest during the time it was so held. It is claimed that the bringing of the action to cancel and set aside the said written instrument was, in effect, a demand upon Treichler for rescission thereof and for restoration of the *status quo*, and that Treichler should have acceded thereto at the time of the institution of said action. It is claimed that, by resisting said action, he rendered himself liable for the interest on the money which was deposited under the escrow agreement, and of the use of which the appellant was deprived.

The question presented is a novel one, and controlling precedent seems to be lacking. We considered a somewhat analogous situation in *Van Gordon v. Ormsby Bros. & Co.*, 60 Iowa 510. While that case is not on all fours on its facts with the case at bar, the rule therein recognized seems to be applicable to the instant case. In that case, certain funds were in the hands of the defendants to the action, who admitted its possession, but alleged that they had been garnished for said funds at the instance of certain execution creditors of the plaintiff in said action. Later, the court ordered the defendants to pay the funds into the hands of the clerk, which was done. The execution creditors appeared as interveners, and sought to hold said funds. Delay followed, and finally the interveners dismissed their petitions of intervention. The plaintiff sought to hold the interveners for interest on the funds in the hands of the clerk while said petitions of intervention were pending, and until plaintiff was notified of their dismissal. We said:

"The only question involved in the case is whether the interveners should be charged interest upon the sum which, by

their procurement, remained in the hands of the clerk subject to the order of the court. We know of no rule of law which justifies the recovery of such interest. It is claimed that interest is recoverable where money is withheld against the will of the owner, and by way of punishment for any illegal conversion or use of another's property. But the interveners did not convert or use the plaintiff's money, nor did they withhold it from him. The money was paid into court, to await the order of the court. It was there detained, because of the erroneous order of the court, extending the time for the plaintiff to answer the petitions of the interveners, and continuing the cause for trial upon depositions. It does not appear that the interveners acted otherwise than in good faith, and we do not think that they should be made to pay interest as punishment, simply because they failed to establish their right to the money. The record, in our opinion, does not disclose any error.''

We think the rule recognized in the cited case should control the instant case. The appellee herein evidently acted in good faith. There was litigation pending. Appellee was not acting fraudulently in contesting it. He did not have possession of the money, and was deriving no benefit from it, in the way of interest or otherwise. Appellant saw fit to agree to deposit the money in the bank, without any provision for the payment of interest thereon to either party. The money was not a sum due from appellee, but would have been due from appellant to appellee, had the litigation terminated otherwise than it did. As the litigation terminated, however, it was appellant's money, and not appellee's. Appellant made the deposit,—not appellee. We do not think appellee should be punished by being held liable for interest on the sum that was so deposited by appellant and held by the bank, awaiting the outcome of the litigation.

The order of the district court is—*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.