JENNIE E. STOLAR, Appellee, v. HANNAH L. TURNER, Appellant.

No. 47087.

November 11, 1947.

Carl H. Lambach, of Davenport, for appellant.

Miller, Miller & Cousins, of Clinton, for appellee.

Hays, J.—This case is an outgrowth of Stolar v. Turner, 237 Iowa 593, 21 N. W. 2d 544. That was an action to determine rights to insurance money. The money was paid into court by

the insurance company pending determination of ownership thereof. There was a decree for plaintiff. Defendant appealed and filed a supersedeas bond, in regular form. The case was affirmed on appeal to this court. Upon the return of the procedendo, plaintiff in the trial court moved for a summary judgment on the bond, for costs and interest on the fund, during the pendency of the appeal. There was a judgment allowing interest and it is from this judgment that the instant appeal is taken.

Appellant relies upon two propositions for a reversal: (1) Under Rule 339, Rules of Civil Procedure, in the absence of a remand the district court had no jurisdiction to entertain any proceedings for the entry of a judgment other than as to items certified in the procedendo. (2) The trial court erred as a matter of law in allowing interest upon a fund held in the court's custody upon an order of interpleader.

I. As to the jurisdiction of the trial court to entertain the motion for summary judgment on the supersedeas bond, Rule 337, Rules of Civil Procedure, provides in part, as follows:

"(a) No appeal shall stay proceedings under a judgment or order unless appellant executes a bond * * *. The condition of such bond shall be that he will satisfy and perform the judgment if affirmed * * *; and also all costs and damages adjudged against him on the appeal, and all rents of or damage to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal. * * *

"(c) No appeal shall vacate or affect the judgment or order appealed from; but the clerk shall issue a written order requiring the appellee and all others to stay proceedings under it * * * when the appeal bond is filed and approved."

Rule 339, of said Rules, provides as follows:

"If the supreme court affirms the judgment appealed from, it may, *on motion of the appellee*, render judgment against appellant and the sureties on the appeal bond for the amount of the judgment, with damages and costs; or

may remand the cause to the trial court for the determination of such damages and costs, and the entry of judgment on the bond." (Italics supplied.)

The procedendo provided in part:

"THEREFORE, you are hereby commanded that * * * you proceed in the same manner as if no appeal had been taken and prosecuted in this Court * * *."

Appellant contends that under Rule 339, supra, there being no direction in the procedendo to enter judgment on the appeal bond, the trial court was without jurisdiction. This rule, as stated by appellant, superseded section 12872, Code, 1939. But the jurisdiction of the trial court is not predicated exclusively on this Rule, as claimed by appellant. Section 12872, Code, 1939, provided:

"The supreme court, if it affirms the judgment, shall also, *if the appellee asks or moves therefor,* render judgment against the appellant and his sureties on the appeal bond for the amount of the judgment, damages, and costs referred to therein in case such damages can be accurately known to the court without an issue and trial." (Italics supplied.)

It will be observed that, whether under section 12872 or Rule 339, the right of supreme court to enter judgment on the appeal bond is based upon the filing of a motion, in the supreme court, for such a judgment. In the instant case no such motion was filed. It will also be observed that under section 12872, the supreme court was required to act on such a motion at least under certain conditions. Under Rule 339, on such motion, it is discretionary with the supreme court whether it enter such a judgment or remand it to the trial court for determination of the damages, and this without regard to whether further hearings are or are not necessary in making such determination. Inferentially at least, under section 12872, if further hearing was necessary, it was a matter upon which the supreme court was not required to act and presumably it rested with the trial court. See State ex rel. Havner v. Associated Packing Co., 219 Iowa 419, 258 N. W. 456; Hoefling v. Borsen,

190 Iowa 645, 180 N. W. 750. Appellant cites as authority for its claim of no jurisdiction: Ronna v. American State Bk., 215 Iowa 806, 246 N. W. 798; Kern v. Woodbury County, 234 Iowa 1321, 14 N. W. 2d 687; Shaw v. Addison, 236 Iowa 720, 18 N. W. 2d 796; Globe Nat. F. Ins. Co. v. American Bonding & Casualty Co., 200 Iowa 847, 205 N. W. 504; Dunton v. McCook, 120 Iowa 444, 447, 94 N. W. 942, 943. In the latter case we say:

"Under our practice a new decree is not entered in the Supreme Court upon affirmance, but that of the court below confirmed, with a judgment for costs added. As the cause was not remanded for any purpose, the district court did not acquire jurisdiction to retry any of the issues subsequent to appeal. The suit having been terminated, the clerk could not revive or open it again by issuing a procedendo. The only purpose for that process in such a case is to notify the district court that it is at liberty to enforce its decree."

Summary judgment against the bond is merely enforcing the decree. Appellant's citations do not support the assigned error. They rather support the jurisdiction of the trial court, which we hold, it had.

II. Appellant's second assigned error is that the court erred as a matter of law in allowing interest upon a fund held in the court's custody upon an order of interpleader.

■ Rules 35 and 37, Rules of Civil Procedure, provide that one who holds funds belonging to another among several claimants, may by interpleader and by order of court deposit the same with the court pending determination of ownership. This was done in the instant case. The court thereafter determined ownership to be in appellee. Appellant appealed and filed a supersedeas bond which under Rule 337(c) deprived appellee of the immediate possession and use thereof. Upon the appeal, appellee's ownership was confirmed which confirmation dates back to the date of the original decree, not of the date of affirmance. (See authorities cited in Division I hereof.) The supersedeas bond, being in statutory form, provided in part, " * * * that he will satisfy and perform the judgment if affirmed * * *

and all rents of or damage to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal." Rule 337(a), Rules of Civil Procedure.

Appellant says that since the bond does not provide for interest, court erred in awarding same. Many authorities are cited to the effect that where money is deposited with the court no interest may be assessed. Cited as the leading case is Franklin Bank v. Bruns, 84 Ohio St. 12, 19, 95 N. E. 385, 387, Ann. Cas. 1912B, 1002, which cites Van Gordon v. Ormsby Bros. & Co., 60 Iowa 510, 511, 15 N. W. 306. The Ohio case holds:

"The decree itself must bear interest before those giving the bond to stay it can be required to pay interest."

The Van Gordon case, supra, says:

"It is claimed that interest is recoverable where money is withheld against the will of the owner, and by way of punishment for any illegal conversion or use of another's property. But the intervenors did not convert or use the plaintiff's money, *nor did they withhold it from him.* The money was paid into court to await the order of the court. *It was* there *detained, because of the erroneous order of the court.*" (Italics supplied.)

These cases are not support for appellant's claim, but the Van Gordon case, at least by inference, supports the trial court's action. Here the money was withheld from appellee by appellant, due to the filing of the supersedeas bond and the cited case would appear to say that in such a case the recovery of interest was permissible.

While the exact question here presented has not been heretofore before this court, we have in effect determined it under a somewhat different presentation. In State ex rel. Havner v. Associated Packing Co., 1935, 219 Iowa 419, 422, 258 N. W. 456, 457, we say:

"In the case at bar, the judgments appealed from were affirmed, and the *damages* can be accurately known to the court without trial, because the judgments are mere money judgments and are before the court, and all that is necessary is to make a computation of interest." (Italics added.)

That case was for judgment on a supersedeas bond, by the supreme court under section 12872, Code, 1931 [same section Code, 1939].

We hold that the trial court, after an affirmance of its judgment or decree, has jurisdiction to entertain a motion for summary judgment on a supersedeas bond, there being no application in the supreme court under Rule 339, Rules of Civil Procedure.

We also hold that the statutory provision of the bond, Rule 337(a), " * * * and all rents of or damage to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal" includes under the term "damage" interest where there is simply a money judgment as in the instant case.

Finding no error, the judgment of the trial court is affirmed.—Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, SMITH, MANTZ, and MULRONEY, JJ., concur.