M. E. TRAPP ASSOCIATED et al. v. TANKERSLEY et al.

No. 34059. Sept. 18, 1951.

Rehearing Denied Feb. 19, 1952.

Application for Leave to File Second Petition for Rehearing Denied March 4, 1952.

*240 P. 2d 1091.*

Embry, Johnson, Crowe, Tolvert & Shelton and Ram Morrison, Oklahoma City, for plaintiffs in error.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for defendants in error.

DAVISON, J. This appeal involves a judgment for interest rendered upon a mandate from this court after affirmance of a judgment granting an accounting and distribution of assets of a partnership.

For several years, the plaintiffs in error, who will be referred to as Trapp, and the defendants in error, who will be referred to as Tankersley, had, as limited partners, been engaged in a joint venture, constructing large governmental or army-navy projects under contract with the federal government, and had accumulated substantial profits in money and other assets when, on March 2, 1944, Tankersley filed this suit against Trapp. The relief sought was an accounting and distribution of accumulated assets, included in which was a jointly controlled bank account in the Liberty National Bank at Oklahoma City amounting to nearly a half million dollars. On May 21, 1945, judgment was rendered which, for all practical purposes, was a determination of the exact amount, to which each party was entitled, from the money on deposit. From that judgment Trapp appealed to this court. The judgment was affirmed (M. E. Trapp, Associated, v. Tankersley, 200 Okla. 117, 191 P. 2d 202) and mandate issued which was filed April 7, 1948. Prior to that date, distribution had been made of about two-thirds of the amount on deposit. We need not here detail the facts and issues that were involved in that appeal. The sole question here presented is whether or not Tankersley is entitled to interest on the principal amount of the deposit found due him from the date of the judgment to the date of its payment. Of the amount on deposit, the principal amount due Trapp under the provisions of the judgment was approximately $86,000 and the principal amount due Tankersley was approximately $91,000. The interest, which is the subject of the controversy now before us, will amount to some $22,000.

The original judgment of May 21, 1944, made no provision for the payment of interest but contained the following:

"It Is Further Ordered by the court that the cost of this action be divided equally between the parties hereto.

"It Is Further Ordered, Adjudged, And Decreed by the court that upon failure of the plaintiff, Dan Tankersley, or the defendant, M. E. Trapp, to make and deliver said checks as above ordered, to the parties above named, in the amounts above set out, within five days from the date this judgment or decree becomes final, then, and in that event this decree shall operate as an assignment and delivery to each of the parties hereinabove named from the joint fund in said bank; and this decree shall be sufficient evidence of said assignment when delivered to the Liberty National Bank, Oklahoma City."

On the day following the filing, in the trial court, of the mandate from this court affirming that judgment, Tankersley filed a "Motion to spread Mandate of Record and for Judgment

for Interest and against Sureties upon Supersedeas Bond. " After response thereby by Trapp, the court heard the motion, at which time Tankersley dismissed as to the sureties. Thereupon, the trial court sustained the motion, allowing interest on the original judgment from the date of its rendition and computing the amount then due. Trapp excepted to the ruling and has perfected this appeal.

After the judgment had been affirmed in this court, Trapp wrote Tankersley, suggesting the execution of proper checks for the withdrawal of the funds on deposit. After a refusal by Tankersley and after the mandate had been spread of record in the lower court and after the expiration of the five-day period fixed in the judgment, which was made a condition precedent to the judgment becoming self-executing, Trapp withdrew the principal amount of the deposit determined to be due him. A few days later, Tankersley withdrew the principal amount found due him.

A determination of the propositions presented hinges upon the effect of section 274 of Title 15 O. S. 1941, as follows:

"All judgments of courts of record and justices of the peace shall bear interest from the day on which they are rendered at the rate of six per cent. per annum: Provided, that when a rate of interest is specified in any contract, that rate shall continue until full payment is made, and any judgment rendered on any such contract shall bear the same rate of interest mentioned in the contract, which rate shall be specified in the judgment; but in no case shall such rate exceed the legal contract rate at the date of such obligation."

For reversal, Trapp urges that the order fixing the amount of interest due, entered after filing a mandate, was a different judgment from that of May 21, 1945, and that the trial court had no authority to change the original judgment from one in rem to one in personam; that the above statute applies only to judgments in personam in actions at law; that when Tankersley withdrew his portion of the amount on deposit, the judgment became executed and could not be, thereafter, changed or enlarged; that the judgment was an equitable decree ordering the distribution of jointly controlled funds, deposited in a place of safekeeping pending the determination of conflicting claims, and, therefore, did not bear interest.

Trapp is correct in his contention that a lower court, after a cause is returned and a mandate from this court is issued and filed, has no jurisdiction to modify or amend the judgment appealed from except in conformity with the order of the mandate; citing, among other cases, Black v. Russell, 130 Okla. 180, 266 P. 448. But the order appealed from in the case at bar is not a modification or amendment of the original judgment. It is merely a computation of the amount due under the provisions of said judgment. The judgment itself, although without a provision therefor, drew interest by virtue of the statute. Much the same question was before this court with reference to interest to past due installments of alimony in the case of Stanfield v. Stanfield, 67 Okla. 56, 168 P. 912, wherein the trial court, in computing the amount due, refused to allow interest on said past-due installments. Therein, it was said:

"We think that the trial court also committed error in refusing to allow the plaintiff in error interest on the past due installments of alimony. Alimony decreed to a wife in a divorce is as much a debt, until the decree is recalled or modified, as any judgment for money is . . . . All judgments of courts legally bear interest at the same rate by the statute now in force (section 1008, Rev. Laws 1910)."

The original judgment in that case made no provision for interest on the amounts found due. That case was cited and upheld in the case of Harden v. Harden, 191 Okla. 698, 130 P. 2d 311, where it was further said that the suspension of interest pending appeal is one largely determined by the char-

acter of the case and the result of the appeal.

There is little if any merit in Trapp's next contention, that the withdrawal, by Tankersley from the bank, of the balance on hand after Trapp had withdrawn the principal amount found due him in the original judgment, constituted an execution and satisfaction of that judgment. Section 8 of Title 23 O. S. 1941, provides that all claim to interest is waived in those instances, and in those only, where the whole principal is accepted *as such*. There could have been circumstances in the instant case which would make the withdrawal a satisfaction of the entire judgment but they did not exist. Cases dealing with payment of an amount by the judgment debtor and its acceptance by the judgment creditor have no application to the instant situation. There is nothing in the record to indicate that Tankersley made this withdrawal as a payment of the entire judgment. Every act of his points to the contrary.

To support his remaining proposition that the instant judgment did not bear interest because it was an equitable decree and equitable decrees ordering the division and distribution of jointly controlled funds which have been deposited in a place of safekeeping awaiting the settlement of the controversies between the parties do not bear interest by virtue of the statute, Trapp strongly relies upon the case of City of Barnsdall v. Curnutt, 201 Okla. 508, 207 P. 2d 320.

It was held in that case that,

"Where a sum of money in the hands of the court is specifically held by court order pending final determination of a claim against the fund for attorney's fee, and the fund earns no interest, the successful claimant is not entitled to interest as against his former client, and his judgment of right to receive or collect said fund which is stayed by court order pending appeal taken in good faith, does not give rise to a valid claim against the former client for interest, though the claimant prevails in general on the appeal."

The situation there, however, differed in many respects from the one here presented. In the reported case, the fund was held in the registry of the court by order of the court. Here, the fund was on deposit in a joint account and was ordered distributed by the court in a judgment which was self-executing. The stay of execution of the judgment was effected by the making of a supersedeas bond by Trapp. There, the taking of the appeal in itself held execution in abeyance. Here, the appeal had no effect upon execution. The supersedeas bond delayed execution until the time when the appeal was completed. This situation is the one generally prevailing where an appeal is taken from any judgment of a trial court. For these reasons the Curnutt case presented a situation not within the intended sphere of application of the interest statute (15 O. S. 1941, §274) while the case at bar falls within a different category.

In the case of Vilbig Const. Co., v. Whitham, 201 Okla. 86, 201 P. 2d 922, this court followed the ruling in the Harden v. Harden case, supra, holding that:

" . . . the question of the suspending of interest pending appeal is largely determined by the character of the case and the result of the appeal. In the instant case the amount allowed by the trial court was materially reduced by this court, and we feel that in view of this fact it would be equitable to allow interest only from the date of the final determination of the controversy by this court."

In Nebraska, where there is an interest statute similar to the one here, the court, in Hall v. Citizens' State Bank of Superior, 122 Neb. 636, 241 N. W. 123, had under consideration a case wherein one of the parties was adjudged to have a certain amount due him from a trust fund. No provision was made in the judgment for interest. Upon appeal the judgment was affirmed. The trustee, after mandate, paid to the clerk of court the amount of

the judgment without interest. Appellee filed in the trial court a motion for allowance of interest. The motion was granted and appeal taken.

The court in affirming the judgment for interest adopted the following rule from an opinion of the Missouri court:

" 'The rate of interest which a judgment shall bear, is a quality which the statute ascribes to the judgment, and it is not a necessary part of the judgment entry; and where it is not shown by the judgment entry, it is the duty of the clerk to ascertain from the record the interest which the judgment shall bear, and to issue execution accordingly; and where he refuses to perform his duty, the circuit court can direct him so to do on motion, or the defendant can compel him to do so by mandamus.' "

That rule, which has the approval of a majority of the courts, is applicable in the instant case. The facts herein bear a marked analogy to those in the above-quoted case. The trial court adjudged Tankersley to be entitled to some $91,000 and Trapp to some $86,000 in a joint fund. Trapp appealed and stayed the execution of the judgment by supersedeas bond. The judgment was affirmed and mandate issued. We fail to see any reason why such judgment is not clearly within the terms of the interest statute.

The judgment of the trial court is affirmed.

HALLEY, V. C. J., and WELCH, CORN, and O'NEAL, JJ., concur. GIBSON and JOHNSON, JJ., dissent.