Respondents' motion to clarify mandate filed January 9,
allowed February 23, 1967

WESTERN BANK, *Plaintiff, v.* MORRILL ET AL,
*Defendants,*
and
BOICE, *Appellant,* and SHAW LUMBER
MILL ET AL, *Respondents.*
424 P. 2d 243

On respondents' motion for clarification and amendment of mandate.

Frederic H. Starkweather, Jr., Gold Beach, for the motion.

Edward M. Murphy, Roseburg, contra.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and REDDING, Justices.

REDDING, J. (Pro Tempore).

This matter results from an interpleader suit wherein the Western Bank paid a sum of money into

court and the trial court's decree settled the amounts due the respective claimants, one of whom initiated an appeal to this court. The trial court's decree and judgment was affirmed on November 16, 1966 (245 Or 47, 420 P2d 119). The mandate of this court, following the usual form, provided that the respondents recover from the appellant and her surety their costs and disbursements in this court in the amount of $176.55.

Counsel for the principal respondent sought and obtained an order from the trial court spreading the mandate upon the record. Said order provided for "* * * damages of interest at the rate of 6% per annum on the amount of $17,010.21 [the amount on deposit to which respondents were entitled] from and after the 3rd day of November 1965 [the date on which the judgment appealed from was entered], until paid." Upon appellant's objections to the allowance of interest provided for in the order entered, the trial court set aside said order to permit the respondent to bring the matter to this court for decision.

Appellant's undertaking on appeal was in the statutory form prescribed by ORS 19.040, which provides:

"(1) The undertaking of the appellant shall be given with one or more sureties, to the effect that the appellant will pay all damages, costs and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following:

"(a) If the judgment or decree appealed from is for the recovery of money, or of personal property or the value thereof, that if the same or any part thereof is affirmed, the appellant will satisfy it so far as affirmed.

"(b) * * * * *

"(c) If the decree appealed from requires the transfer or delivery of any personal property, unless the things required to be transferred or delivered are brought into court, or placed in the custody of such officer or receiver as the court may appoint, that the appellant will obey the decree of the appellate court. The amount of such undertaking shall be specified therein, and be fixed by the court or judge thereof.

"(d) * * * * *"

The bond filed on appeal herein was an appeal bond, not a supersedeas bond.

Pursuant to the judgment of the trial court of November 3, 1965, $2,500 of the fund on deposit with the court was distributed to the defendants Morrill, Tilley, Hansen and Boice. Upon entry of judgment in the trial court, respondents attempted to secure disbursal to them of the remaining $17,010.21 of said fund to which, under the judgment, they were entitled. Appellant Boice objected to the disbursal of any funds to respondents.

From the respondents' brief we learn:

"* * * [A]s a result [Boice] kept the entire fund tied up until the disposition of this case on appeal. Her objection was stated in her brief which is a part of the record of this case and is based upon two propositions, both of which the Court stated in its order of January 4, 1966:

"(1) That her bond stayed all proceedings

"(2) That she claimed the entire fund being held.

"In her brief she said in part:

" '* * * It is the position of the defendant Dorothy Boice that the filing of the statutory cost bond stays the proceedings and that this court is without jurisdiction to order a distribution of the interpleaded funds * * *.

" '* * * There seems to be good reason why no additional undertaking would be required to keep interpleaded funds intact pending an appeal. The only damage that could occur to the respondents would be the loss of interest pending an appeal *and the "damage" portion of the cost bond would cover* this item.' (Emphasis mine)"

[The quoted matter is from respondents' brief on the motion to clarify the mandate. The sources from which the quotations taken by respondents, having been returned to the trial court with the mandate, are unavailable.]

ORS 82.010 provides:

"* * * (1) The legal rate of interest is six percent per annum and is payable on:

"(a) * * * * *

"(b) Judgments and decrees for the payment of money from the date of the entry thereof * * *."

■ The language of the statute is broad and would appear to cover judgments which are appealed from as well as judgments not appealed from. The statute draws no distinctions as to accrual of interest upon judgments from which appeal is taken by way of cost bond which does not stay proceedings and cases where a supersedeas bond does stay proceedings, and the statute does not distinguish as to the kind of proceedings in which the judgment or decree is obtained. It would appear in its general language to authorize interest on judgments or decrees for the payment of money awarded in suits in interpleader.

As indicated above, appellant Boice asserted in the trial court that the filing of the statutory cost bond stayed the proceedings and that the damage portion of her cost bond would cover the item of interest accru-

ing pending appeal. The trial court entered its order on January 4, 1966, staying the proceeding.

■ While in the usual case, a cost bond without more, does not stay proceedings, (ORS 19.040 (1)) appellant Boice would appear to be correct in her assertion that the damage portions of the cost bond cover interest pending appeal.

Murfree, Official Bonds 277, 278, § 388 (1885) states:

"* * * Thus, where upon the rendition of a judgment for a debt, damages, and costs, an appeal was taken and bond given 'for all costs and damages that may be adjudged against him (the defendant) by the court having cognizance thereof,' the judgment upon the appeal bond can only be for the damages and costs. And in such a case the damages are simply the interest on the debt, at the ordinary legal rate, unless by statute, as in some of the states, a higher rate of interest is prescribed * * *. 'The word "damages" in an appeal bond, means the damages in consequence of the appeal, that is the interest at the rate fixed by statute upon the amount of the judgment below, from the date of its rendition to the time of entering the judgment above * * * '"

See *Mason v. Smith*, 79 Tenn (11 Lea) 67 (1883); *Spears v. Sherman*, 148 Tenn 430, 256 SW 436 (1923).

And in 5 Am Jur 2d, Appeal and Error 472, § 1058 (1962), the following appears:

"The proper measure of damages in an action against the surety on an appeal bond conditioned to pay all damages awarded by the appellate court is any loss which may have been suffered by the appellee, within the conditions of the bond, pending and reasonably growing out of the appeal; that is, losses occurring by reason of delay.

"By 'damages for delay,' as provided for in a supersedeas bond, is meant such damages arising from the delay occasioned by the appeal as may properly constitute legal damages to the party delayed."

While the clear language of ORS 19.040 (1) (a) negates the idea that a cost bond not amounting to a supersedeas will stay proceedings, nevertheless, the trial court's order stayed the proceedings and deprived respondents of their distributive share of the fund deposited with the court.

Only two explanations for the trial court's action in the above regard appear to be plausible. First, appellant Boice asserted that her appeal stayed the proceedings. ORS 19.050 provides in part:

"* * * In cases not provided for in such paragraphs, [(a) to (d) of subsection (1) of ORS 19.040] when an appeal is perfected, with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given."

Without deciding whether subsection (a) of ORS 19.040 is here applicable, it would appear obvious that the trial judge determined that it was not applicable, for he stayed the proceedings without an undertaking as therein provided for. In any event, the court's ruling, if erroneous, was induced by representations of appellant, who assured the court that interest was covered by the appeal bond filed.

■ Without regard to the rules of law applicable to cases in which interest is sought upon an appeal bond filed in a suit in interpleader, the appellant should not be permitted to draw the court into framing an erroneous order staying proceedings upon assurance that the appeal bond would cover interest and subsequently

deny that it is bound by its representations. Appellants should be estopped to deny liability for interest on the appeal bond.

The second and most reasonable ground for the trial court's ruling may be found in subsection (c) of ORS 19.040, which provides that if the decree appealed from requires the transfer or delivery of any personal property, the proceedings will not be stayed unless the property is brought into court, or placed in the custody of such officer or receiver as the court may appoint, that the appellant will obey the decree of the appellate court.

The trial court may well have concluded that in cases of interpleader, where the property [the fund] is brought into court, the filing of a simple cost bond on appeal automatically stays the proceedings.

■ In any event, it is clear that whether the court, in reliance upon the representations of the appellant, was induced into erroneously staying the proceedings, or whether based upon ORS 19.040 (c) the court correctly concluded the proceedings were stayed, it is evident that such was the effect of the appellant's filing her cost bond wherein she undertook to pay damages and costs on appeal. As noted above, interest is an element of damages on appeal.

Though the bond here given was not in form a supersedeas, it had the effect, when coupled with the court's order staying proceedings, of precluding respondents from obtaining what the decree awarded them. The damage as a result is loss of interest.

The mandate of this court did not specifically award interest. However, the trial court, in framing its order, including interest at the statutory rate, acted in accordance with the holding in *Wolfgang v. Thiele Co.*, 141 Or 280, 17 P2d 313 (1932).

It would appear that unless, as appellant contends, the statutory language of ORS 82.010, providing for interest on judgments and decrees for the payment of money, does not apply to judgments in rem determining ownership of interpleaded funds, the statutory language should be given general application and interest should be allowed on the judgment herein as in ordinary cases.

■ In Oregon, judgments appealed from are considered final until reversed. *Porter v. Small,* 62 Or 574, 120 P 393, 124 P 649 (1912) ; *Day v. Holland,* 15 Or 464, 15 P 855 (1887).

Further, there is authority in this state (*Porter v. Small,* supra) which by inference at least indicates that the damage portion of a cost bond applies to in rem proceedings. The court intimated that where the res was a quantity of water, the value of loss of use thereof was calculable and a bond covering damages would cover such loss. Where the res in dispute is a fund of money, the statute fixes the measure of damages on appeal at interest at six percent where the rate is not otherwise fixed by contract.

Appellant contends that the statutory requirements of ORS 82.010, providing for interest on judgments and decrees for the payment of money, does not apply to judgments in rem determining ownership of interpleaded funds and relies on:

"* * * 15 ALR (2d) 473; Franklin Bank v. Bruns, 84 O.S. 12, 95 NE 385; Gayden v. Kirk, 208 Miss. 283, 44 S2d 410; Evancovich v. Schiller, 83 Ut. 1, 26 P (2d) 830; City of Barnsdall v. Cornutt [sic], 201 Okl. 508, 207 P (2d) 320, 323."

The conclusion of the Mississippi court in *Gayden v. Kirk* (1950) supra, is not persuasive and is contrary

to prior and subsequent decisions of the same court. In *Sunflower Farms, Inc. v. McLean,* 238 Miss 168, 117 S2d 808, 814, 816 (1960), the same court, without citation of *Gayden v. Kirk,* supra, held:

"The general rule is that when money is deposited in court by a debtor pursuant to law, he is not liable for interest on the fund during the time it is in the custody of the court. And 'Where money allegedly due and in dispute is paid to a depository, under an agreement containing no provision for interest to which the creditor assents, to await the action of a court as to the disposal of such money, interest will not accrue on such money while so deposited.' 30 Am. Jur., Interest, Sections 53 and 54, pp. 45, 46.

"* * * * *

"* * * The appellants were required, under the original decree of February 12, 1957, to pay over the funds theretofore put in escrow. On that account, the exemption of the escrow funds from interest no longer existed. The supersedeas bond stayed the payment, and thereby kept the appellee out of his money. Obviously the learned chancellor was in error in failing to allow interest on such funds from February 12, 1957, until the delivery of the same to the appellee; and the decree in that particular must be reversed * * *."

And in *Aetna Ins. Co. v. Natchez Hotel Company,* 160 Miss 818, 134 S. 582 (1931), the court on appeal allowed interest from the date of the original decree upon a sum in dispute which had been paid into court from the date the complaint was filed.

*City of Barnsdall v. Curnutt,* 201 Okla 508, 207 P2d 320, 323 (1949) is not in point. In that case, the fund held pending appeal was a sum allowed for attorney fees, and not an interest-bearing money judgment. Attorneys' fees are not recoverable as damages on an

appeal of supersedeas bond, 5 Am Jur 2d, Appeal and Error 472, § 1057 (1962). The case does quote with approval *Franklin Bank v. Bruns,* supra, which is distinguished in *Stolar v. Turner,* 238 Iowa 1168, 29 NW2d 417 (1947), which we later discuss.

*Evancovich v. Schiller,* supra, is not in point. The parties to the case disputing an interpleaded fund, had stipulated between themselves to the depositories' continued custody of the fund until a final determination of the issues.

The result of the above cases cited by appellant is stated to be the general rule in 15 ALR2d 473.

The case of *Stolar v. Turner,* supra, a well-reasoned case, however, is to the contrary and repudiates *Franklin Bank v. Bruns.* In *Stolar v. Turner,* supra, an insurance company deposited a sum of money in court and interpleaded several claimants thereto. Plaintiff Stolar obtained a decree and defendant appealed, filing a supersedeas bond staying the proceedings. On appeal, the decree was affirmed. The trial court then entered its decree upon the mandate and allowed interest at the statutory rate for judgments and decrees for money.

The defendant appealed, contending "* * * the [trial] court erred as a matter of law in allowing interest upon a fund held in the court's custody upon an order of interpleader." The court reasoned as follows:

> "* * * The [trial] court * * * determined ownership [of the fund] to be in appellee. Appellant appealed and filed a supersedeas bond which * * * deprived appellee of the immediate possession and use thereof. Upon the appeal, appellee's ownership was confirmed which confirmation dates back to the date of the original decree, not of the date of affirmance * * *. The super-

sedeas bond, being in statutory form, provided in part, '* * * that he will satisfy the judgment if affirmed * * * and all rents of or damages to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal' * * *." 238 Iowa at p. 1172.

The court held that interest on the money judgment was included under the term "damage" in the bond.

■ The court in *Stolar v. Turner,* supra, carefully and accurately reviews the *Franklin Bank v. Bruns,* supra, the strongest case for appellant's contention herein, and illustrates its fallacy, stating:

"* * * Many authorities are cited to the effect that where money is deposited with the court no interest may be assessed. Cited as the leading case is Franklin Bank v. Bruns, 84 Ohio St. 12, 19, 95 N.E. 385, Ann. Cas. 1912B, 1002, which cites Van Gordon v. Ormsby Bros. & Co., 60 Iowa 510, 511, 15 N.W. 306. The Ohio case [84 Ohio St. 12, 95 N.E. 387] holds:

" 'The decree itself must bear interest before those giving the bond to stay it can be required to pay interest.'

"The Van Gordon case, supra, [60 Iowa 510, 15 NW 306] says:

" 'It is claimed that interest is recoverable where money is withheld against the will of the owner, and by way of punishment for any illegal conversion or use of another's property. But the intervenors did not convert or use the plaintiff's money, *nor did they withhold it from him.* The money was paid into court to await the order of the court. *It was* there *detained, because of the erroneous order of the court.* (Italics supplied)'.

"These cases are not support for appellant's claim, but the Van Gordon case, at least by inference, supports the trial court's action. Here the money was withheld from appellee by the appellant,

due to the filing of the supersedeas bond and the cited case would appear to say that in such a case the recovery of interest was permissible." 238 Iowa at p. 1173.

In other words, *Franklin v. Bruns,* supra, relied upon *Van Gordon v. Ormsby Bros. & Co.,* supra, for the proposition now asserted by appellant.

In *Van Gordon v. Ormsby Bros. & Co.,* the defendant prevailed in the trial court and *plaintiffs appealed causing the fund in court to be held pending appeal.* The cause was reversed and due to an error of the court, plaintiffs were not notified that they were entitled to the fund. Upon receiving notice, they petitioned for the fund, plus interest.

*Van Gordon v. Ormsby Bros. & Co.,* supra, held only that plaintiffs who lost on trial and had appealed were not entitled to interest pending the appeal nor for the delay caused by an error of the court. This is so because the defendant was responsible neither for the delay pending appeal, for the plaintiff appealed, nor for the ministerial error of the court.

It appears then that the line of cases upon which appellant relies are based upon an erroneous construction of an early Iowa case and should not be followed by this court.

*Stolar v. Turner,* supra, is in accord with sound policy and should be given substantial weight by this court.

In this case, the distinction between a simple cost bond and a supersedeas bond should not be controlling. 4 Am Jur 2d, Appeal and Error 837, § 364. The important issue is whether appellant's appeal bond stayed proceedings, thus depriving respondents of the fund to which the lower court had held respondents entitled. The damage to respondents' loss of interest

pending appeal, results whether the appellant has promised to pay the judgment if affirmed, or has made no promise other than to pay damages and costs. Where the stay is procured at the instance of appellant, the result is the same.

Finally, both supersedeas bonds and simple cost bonds contain "damage" provisions and it is under that portion of the bond that interest is awarded.

■ We hold as a matter of law that the respondents are entitled to interest from the date of the original judgment.

Motion allowed.