**Bobbie Chambers SHAW, Appellee,**

v.

**Michael Shaw LOEFFLER, Appellant.**

**No. 76887.**

Court of Appeals of Oklahoma,
Division No. 3.

April 14, 1992.

As Corrected April 15, 1992.

Tom M. Moore, Dennis S. Boxeur, Oklahoma City, for appellant.

Scott Hartshorn, Robert G. Grove, Oklahoma City, for appellee.

## OPINION

HANSEN, Vice Chief Judge:

Appellant, Michael Shaw Loeffler, seeks review of the trial court's order denying his motion to enforce the supersedeas bond posted by Appellee.

This case was instituted by Bobbie Chambers Shaw, Appellee, against Michael Shaw Loeffler, Appellant, and the Prudential Insurance Company of America, Inc., (Prudential), to recover life insurance proceeds from Prudential, under a life insurance policy on her deceased husband. By

order dated February 14, 1986, the trial court directed Prudential to deposit the proceeds in the amount of $43,500.00 in an interest-bearing account with Founders Bank & Trust Company and dismissed Prudential from the action. Monies could not be withdrawn from the account without court order. On September 26, 1986, the trial court granted Appellant's motion for summary judgment and ordered the life insurance proceeds plus interest paid to Appellant. After the trial court overruled Appellee's motion to stay execution, Appellee filed a corrected supersedeas bond for $12,000.00 on October 30, 1986, agreeing to pay said sum if the judgment was affirmed. The supersedeas bond was secured by a forecloseable lien on certain real property.

On July 24, 1990, 796 P.2d 633, the Supreme Court of Oklahoma affirmed the judgment of the trial court and mandate was issued September 13, 1990. On October 1, 1990, upon Appellant's motion, the trial court directed Founders Bank to pay the insurance proceeds, accrued interest, and $147.00 in costs to Appellant. Appellant received $58,918.78. Appellant filed his motion to enforce supersedeas bond on November 1, 1990, for interest in the amount of $11,075.95 plus $4.49 per day from October 2, 1990. This amount, he asserts, is the difference between the interest actually paid on the judgment and the 15% interest he is entitled to under 12 O.S.Supp.1985, § 727.[1] The trial court denied this motion and exonerated Appellee's supersedeas bond on January 15, 1991. This appeal ensued.

Appellant principally relies upon the case of *M.E. Trapp Associated v. Tankersley,* 206 Okla. 118, 240 P.2d 1091 (1951) in support of his contention that interest may be collected on interpleaded funds if execution of the judgment is stayed by the posting of a supersedeas bond. Appellee cites *City of Barnsdall v. Curnutt,* 201 Okla. 508, 207 P.2d 320 (1949) in support of the general rule that interpleaded funds paid into court do not accrue interest.

In *Curnutt,* the disputed funds were ordered held by the court clerk until the claims of the parties were finally determined. The stay order, or the order that payment not be made until after determination of the appeal, was "an exercise of discretion by the court not controlled by any act of the defendant." *Curnutt,* 207 P.2d at 322. The Court therein adopted the general rule that when money is paid into court in compliance with an order of interpleader, and cannot be paid out without an order of court, the successful party in the suit may not recover interest from the unsuccessful party. *Curnutt* at 323. The Court further opined that this rule has even been applied when the unsuccessful party has given a supersedeas bond on appeal, citing *Franklin Bank v. Bruns,* 84 Ohio St. 12, 95 N.E. 385 (1911). However, the *Curnutt* case did not involve a supersedeas bond, making this statement dicta.

In 1951, the Oklahoma Supreme Court was faced with a question similar to the one herein posed, which did involve a supersedeas bond. In *M.E. Trapp Associated v. Tankersley, supra,* the question presented was whether or not the plaintiff was entitled to interest on funds deposited in a joint account with the defendant, from the date of judgment to the date of its payment. Appellant therein posted a supersedeas bond. After mandate from this Court affirming the judgment, Tankersley, the successful party, sought and received judgment for interest pursuant to 15 O.S. 1941, § 274 (the precursor of 12 O.S.Supp. 1985, § 727). In affirming the judgment, the Court distinguished *Curnutt* from the facts in that case. In *Curnutt,* the fund was held in the registry of the court by order of the court and the appeal itself, by the court's order, held execution in abeyance. In *Tankersley,* the funds had been deposited in a joint account prior to suit and were ordered distributed by the court in a self-executing judgment. The *supersedeas bond* delayed execution until the appeal was completed, unlike the court's discretionary stay in *Curnutt.*

---

1. The statute in effect at the time of the September 18, 1986 judgment was 12 O.S.Supp.1985, § 727. That statute provides in pertinent part:

All judgments of courts of record shall bear interest at the rate of fifteen percent (15%) per year....

In this case, we have a somewhat hybrid set of facts. The interpleaded funds were deposited in an interest-bearing account upon court order. The attorneys of both parties were joint signatories on the account which could not be tapped without court order. Although the fund in *Tankersley* was not paid into court in compliance with an order of interpleader, the funds had been "deposited in a place of safe keeping awaiting the settlement of the controversies between the parties". *Tankersley*, 240 P.2d at 1094.

In *Curnutt*, the court cited *Franklin Bank v. Bruns, supra,* to support the position that interest will not accrue at the statutory rate on interpleaded funds if the intervening claimant prosecutes error in good faith and gives a supersedeas bond. In *Bruns* the Supreme Court of Ohio relied in part upon an Iowa decision, *Van Gordon v. Ormsby Bros. & Co.*, 60 Iowa 510, 15 N.W. 306 (1883). This Iowa decision was subsequently construed by the Supreme Court of Iowa to authorize the recovery of statutory interest on interpleaded funds where the funds were withheld from the successful party due to the filing of a supersedeas bond. *Stolar v. Turner*, 238 Iowa 1168, 29 N.W.2d 417 (1947).

This result was followed in *Western Bank v. Morrill*, 246 Or. 88, 424 P.2d 243 (1967). In that case, the interpleaded funds were held by the court and a "cost bond" was filed. In *Western Bank* the proceedings were stayed by the judge, not the posting of bond. The Supreme Court of Oregon held interest was recoverable from the date of the original judgment and that the distinction between a simple cost bond and a supersedeas bond should not be controlling.[2] The important issue was whether the appeal bond stayed the proceedings, depriving the respondents of the fund. *Id.*, 424 P.2d at 249. The Oregon Court distinguished *Curnutt* saying *Cur-*

*nutt* involved the recovery of attorneys fees, which were not recoverable as damages under a supersedeas bond.

We hold the rule followed in *Tankersley* and the above-cited authorities is sound policy. The *Curnutt* dicta is not controlling. We adhere to the general rule that funds paid into court in compliance with an order of interpleader, which cannot be paid out without an order of the court, do not accrue statutory interest payable to a successful party on appeal. However, if the losing party executes a supersedeas bond denying the successful party of such funds during the pendency of an appeal, the successful party on appeal may recover statutory interest on the funds by enforcement of the supersedeas bond.

The purpose of a supersedeas bond is to stay execution pending appeal. *Jefferson County Excise Board v. Stanolind Pipe Line Co.*, 181 Okl. 102, 72 P.2d 805 (1937). Appellee executed the bond specifically agreeing to pay $12,000.00 if the appeal was dismissed or the judgment affirmed. The only purpose of this bond is to protect Appellant for losses incurred by reason of the appeal and for the loss of the use of the funds. The supersedeas bond delayed execution for a period of almost four years. *But for* the Appellee's execution of the supersedeas bond on October 30, 1986, Appellant would have had the use and possession of the insurance proceeds from the September 26, 1986, judgment. This Court has specifically found 12 O.S.Supp.1985, § 727 (15 O.S.1941, § 274) applies where a supersedeas bond stays execution of a judgment for funds held in "safekeeping" pending appeal. *Tankersley, supra.*

Appellee's contention that Appellant waived or is estopped to collect statutory interest because such was not requested in any of the pleadings prior to judgment or provided for in the judgment is without

---

2. Other courts have reached similar results. *See Anthony v. Warren*, 28 Wash.2d 773, 190 P.2d 88 (1948) (Interest on fund held by the court was allowed because of posting of supersedeas bond); *Land Clearance for Redevelopment Authority of City of St. Louis v. Zitko*, 386 S.W.2d 69 (Mo.1965) (Interest accrued on intervenor's funds because of supersedeas bond); *Ritter v. Wysowatcky*, 32 Colo.App. 410, 514 P.2d 333 (1973) (Interplead funds did not accrue statutory interest. Court said *Zitko* and *Western Bank* were not on point because appealing party in this case had not executed a bond).

merit. Except for rates of interest specified by contract, interest is recoverable by statute whether set out in the judgment or not. *Tankersley, supra; Baldwin v. Collins,* 479 P.2d 567 (Okla.1970); *Cartwright v. Atlas Chemical Industries,* 593 P.2d 104 (Okla.Ct.App.1978).

Appellant is therefore entitled to the difference between the statutory interest (15% per year) and the interest actually earned on the account from the date of the original judgment, September 26, 1986 to the date of payment, October 1, 1990. Appellant is also entitled to the statutory 15% interest on this difference from October 2, 1990 to December 7, 1990, the date his motion to enforce the bond was denied. The trial court's order of December 7, 1990, overruling Appellant's Motion to Enforce Supersedeas Bond and exonerating the bond is hereby set aside and this proceeding is remanded for the trial court's determination of interest in accordance with this order. Appellee's Motion to Dismiss this appeal and Motion for Attorney's fees and costs on appeal are denied.

REVERSED AND REMANDED.

HUNTER and JONES, JJ., concur.