Submitted on respondents' motion to dismiss appellant Murphy's appeal filed November 20, 1992, and on appeal from the October 15, 1992, order on plaintiff's objections to defendant Murphy's undertaking; order dated October 15, 1992, reversed and remanded with instructions to amend the order; motion to dismiss denied September 1, 1993

COMPUTER CONCEPTS, INC.,
PROFIT SHARING PLAN;
and Computer Concepts, Inc., Pension Plan,
succeeded in interest by
Don Weidenweber,
Self-Directed Individual Retirement Account,
by and through its custodian,
Piper Jaffray & Hopwood, Incorporated,
*Respondents,*

*v.*

William D. BRANDT,
Marc McDevitt
and Cynthia L. Barret,
Personal Representative of
the Estate of Peter C. Murphy, Sr.,
aka Peter Connacher Murphy, Deceased,
*Appellants,*

*and*

McDEVITT & COMPANY
INVESTMENT CORPORATION,
Paragon, Inc., an Oregon corporation;
American Insurance Company,
and John Does 1-6,
*Defendants.*

(A8612-07746; CA A74597)

858 P2d 899

Richard G. Yugler, Portland, for motion.

No appearance, *contra*.

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

RIGGS, J.

## RIGGS, P. J.

Respondents move to dismiss this appeal on the ground that appellants' undertaking is insufficient because (1) the $500 cash deposit, paid into court by appellants in lieu of an undertaking, cannot satisfy the $400,000 cost bond required by the trial court in an order entered October 15, 1992; and (2) appellants have not recited, in connection with the cash deposit, the specific statutory language required by ORS 19.040 that the sureties will undertake to pay "all damages, costs and disbursements." Appellants have filed a second appeal from the trial court's October 15, 1992, order, and the parties have submitted memoranda on the basis of which we summarily determine the sufficiency of the undertaking. We deny the motion to dismiss the underlying appeal, and reverse and remand the October 15, 1992, order to the trial court with instructions to issue an amended order on the undertaking.

Appellants originally filed a supersedeas undertaking to stay enforcement of the judgment challenged on appeal. Respondents filed objections in the trial court. In the interim, the sureties, John Murphy, Peter C. Murphy, Jr., and Dennis Murphy, admitted that they could not cover the amount specified in the supersedeas undertaking because they had failed to consummate a particular timber sale. Then, appellant Peter C. Murphy, Sr., died, and enforcement of the judgment was governed by ORS 23.105.[1]

In the light of the change in circumstances caused by Peter C. Murphy, Sr.'s, death, pursuant to ORS 22.020,[2]

---

[1] ORS 23.105 provides:

"Execution shall not issue against the property of a deceased party, but such judgment shall be paid as a claim against the estate of the deceased party in the manner prescribed by ORS chapter 115 or ORS 114.505 to 114.560."

[2] ORS 22.020(1) provides:

"In any cause, action, proceeding or matter before any court, board, or commission * * *, where bond, security deposit or bail of any character is required or permitted for any purpose, it is lawful for the party required or permitted to furnish such security, bail or bond to deposit, in lieu thereof, in the manner provided in ORS 22.020 to 22.070, money, an irrevocable letter of credit issued by a commercial bank as defined by ORS 706.005, a certified check or checks on any state or national bank within this country payable to the officer with whom such check is filed, satisfactory municipal bonds negotiable by delivery, or obligations of the United States Government negotiable by delivery,

appellants deposited $500 in cash with the trial court in lieu of an undertaking. In a letter accompanying the cash deposit, appellants stated that the $500 was "to serve as the undertaking for costs on appeal required by ORS 19.038 and ORS 19.040(1)." Respondents again filed objections and a hearing was held.

In the resulting October 15, 1992, order on the objections, the trial judge ruled, in part:

"(1) Appellant Murphy shall file an amended bond which complies with the specific statutory language in ORS 19.040 and specifically to provide that 'the sureties undertake that the appellant will pay all damages, costs and disbursements which may be awarded against the appellant on appeal * * * and that if the judgment, supplemental judgment or any part thereof is affirmed, the appellant will satisfy it so far as affirmed.'

"(2) Appellant Murphy shall file a cost bond in an amount of no less than $400,000; alternatively, the bond of appellant Murphy shall specify that the sureties' liability shall be in an amount not exceeding $1,893,781.50."

Appellants appeal from the order on the ground that the amount of cash required was excessive. Citing *Western Bank v. Morrill*, 246 Or 88, 424 P2d 243 (1967), respondents counter that the trial court was justified in setting the amount of the undertaking at $400,000, because interest on the judgment pending appeal is an element of the damages that might be awarded against appellant under ORS 19.040(1). However, *Western Bank* does not apply to this appeal, because appellants' cash deposit does not, and was not intended to, stay enforcement of the judgment. Interest that accrues pending appeal is an element of damages under ORS 19.040(1) only when the undertaking stays enforcement of the judgment appealed.

The fact that enforcement of the judgment is circumscribed by ORS 23.105, which prevents execution from issuing against the property of a deceased party, is not relevant. The stay must result from the undertaking in order to justify

equal in amount to the amount of the bond, security deposit or bail so required or permitted."

including interest in calculating the amount of the undertaking. Respondents are thus free to enforce the judgment subject to the restrictions of ORS 23.105. *See Simpson v. Simpson*, 94 Or App 672, 676, 766 P2d 1055 (1989).

The trial court also erred in ordering appellants to include in the bond the language contained in ORS 19. 040(1)(a), "that if the judgment, supplemental judgment or any part thereof is affirmed, the appellant will satisfy it so far as affirmed." That language must be included only if an appellant wishes to stay enforcement of the judgment by way of the undertaking. That is not the case here. However, an undertaking for costs must recite that it is intended to cover "all damages, costs and disbursements which may be awarded against the appellant on appeal." ORS 19.040(1). We hold that this requirement applies also to an undertaking supported by a cash deposit in lieu of a bond, pursuant to ORS 22.020.

We reverse the October 15, 1992, order setting the amount of the undertaking and remand to the trial court to recalculate the amount of the undertaking and to enter an order in accordance with this opinion. We deny the motion to dismiss, with leave to renew if appellants do not timely file an undertaking in accordance with ORS 19.040(1).

October 15, 1992, order reversed and remanded with instructions to amend the order; motion to dismiss denied.