BELLA VISTA VILLAGE v. GOODWIN-ZAPATA
2024 OK CIV APP 27
Case Number: 121447
Decided: 10/31/2024
Mandate Issued: 12/05/2024
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2024 OK CIV APP 27, __ P.3d __

 

BELLA VISTA VILLAGE LLC, Plaintiff/Appellee,
v.
SHANNA GOODWIN-ZAPATA, JOE ZAPATA JR., and JOE ZAPATA III, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF
MUSKOGEE COUNTY
HONORABLE ROY TUCKER, JUDGE

APPEAL DISMISSED

Charles A. Gibbs III, Tulsa, Oklahoma, for Plaintiff/Appellee,

Teressa L. Webster, LEGAL AID SERVICES OF OKLAHOMA, INC., Muskogee, Oklahoma, for Defendants/Appellants.

ROBERT D. BELL, VICE-CHIEF JUDGE:

¶1 In this forcible entry and detainer (FED) action, Defendants/Appellants, Shanna Goodwin-Zapata, Joe Zapata Jr., and Joe Zapata III (Tenants), appeal from the trial court's judgment in favor of Plaintiff/Appellee, Bella Vista Village, LLC (Landlord). For the reasons set forth below, we dismiss Tenants' appeal.

¶2 Tenants rented a mobile home from a third party and leased the real property upon which the home was situated from Landlord. When Tenants fell behind on their lot rental payments, Landlord filed the instant FED action in March 2023. Following a bench trial, the trial court granted judgment to Landlord for possession of the premises, plus the stipulated $2,370.00 for past rent, $108.00 in costs and fees, and a $500.00 attorney fee. By order dated June 26, 2023, the trial court set a supersedes bond in the amount of $1,909.00, stayed execution of the judgment and ordered Tenants to continue making monthly rent payments.

¶3 Tenants originally filed an application for the Oklahoma Supreme Court to assume original jurisdiction and issue writs of prohibition and mandamus. By unpublished order dated September 11, 2023, the Supreme Court denied the application in Appellate Case No. 121,398. Tenants then filed the present appeal.

¶4 After the parties submitted their respective appellate briefs, Landlord filed a motion to dismiss the appeal on the grounds that Tenants (1) failed to post the supersedeas bond set by the trial court and (2) have failed to pay current lot rents. On September 11, 2024, this Court directed Tenants to show cause, within thirty (30) days, why this appeal should not be dismissed as abandoned pursuant to 12 O.S. 2021 §1148.10A

¶5 Title 12 O.S. 2021 §1148.10A

Within two (2) days of the date of the judgment, the defendant may post a supersedeas bond conditioned as provided by law. This time limit may be enlarged by a trial judge's order to not more than seven (7) days after the date of judgment. The posting of a supersedeas bond shall not be construed to relieve the defendant of his or her duty to pay current rent as it becomes due while the appeal is pending. The rent shall be paid into the court clerk's office together with poundage. If there be controversy as to the amount of rent, the judge shall determine by order how much shall be paid in what time intervals. Withdrawal by the plaintiff of rent deposited in the court clerk's office pending appeal shall not operate to estop him or her from urging on appeal his or her right to the possession of the premises. Failure to pay current rentals while the appeal is pending shall be considered as abandonment of the appeal.

¶6 In the present case, it is undisputed Tenants never posted the supersedeas bond set by the trial court. Tenants also concede they have not paid rent on their lot since July 2024 (Landlord claims Tenants' last rent payment was for May 2024). Tenants argue, however, (1) failure to post a supersedeas bond does not constitute a basis for dismissal of an appeal, and (2) they have previously filed motions and been granted permission by the trial court to tender rent out of time and they "intend to do the same in this instance . . . ." Conspicuously, Tenants have yet to file such a motion.

¶7 Initially, we agree with Tenants that their failure to post a supersedeas bond cannot form the basis for dismissing this appeal. "The purpose of a supersedeas bond is to stay execution pending appeal." Shaw v. Loeffler, 1992 OK CIV APP 45830 P.2d 584citing Jefferson County Excise Bd. v. Stanolind Pipe Line Co., 1937 OK 58472 P.2d 805Adams v. Unterkircher, 1985 OK 96714 P.2d 193Accord Grand River Dam Auth. v. Eaton, 1990 OK 133803 P.2d 705
We now turn to Tenants' admitted failure to pay current rents while this appeal has been pending. At issue is the following language of subsection 1148.10A(F): "Failure to pay current rentals while the [FED] appeal is pending shall be considered as abandonment of the appeal." We have located no published Oklahoma cases interpreting this provision and none have been cited by the parties. Thus, we must determine the meaning of the subject language. "The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language." American Airlines, Inc. v. State, ex rel. Okla. Tax Comm'n, 2014 OK 95341 P.3d 56Independent Sch. Dist. #52 of Okla. County v. Hofmeister, 2020 OK 56473 P.3d 475

¶8 Applying the rules of statutory construction to the plain language at issue, we conclude the use of the word "shall" in the last sentence of §1148.10A(F) is a legislative mandate that a FED defendant who fails to pay current rentals pending appeal is deemed to have abandoned the appeal. Because Tenants have admittedly failed to pay their current rentals, they have, as a matter of law, abandoned their appeal. Accordingly, this appeal is dismissed as abandoned.

¶9 APPEAL DISMISSED.

SWINTON, P.J., and PRINCE, J., concur.